Vernon Shell Road Co. *v.* Mayor etc. of Savannah.

| 95   337 |<br>| 123   608 |

1. An act of the legislature incorporating a company to construct and maintain a turnpike road to be constructed and laid on and over the bed of a certain designated public road then existing, did not, although it provided that all rights in the property acquired by the company, with the said road when completed, should be vested in the stockholders, their heirs, legal representatives or assigns forever, and in proportion to their respective shares, pass title in fee to the land upon which the road was constructed, but conferred only an easement in the maintenance, use and enjoyment of the turnpike road when · completed in accordance with the terms of the charter. Consequently, where by the extension of the corporate limits of a city, a portion of the turnpike road was appropriated to the public use as a street, or its use and enjoyment by the company as a part of its turnpike road was otherwise rendered valueless, the compensation to be paid to the company should be estimated, not with reference to the value of the land in fee, but with reference to the injury done to the company's easement therein.

2.. The value of the stock of a corporation and the amount at which its property is returned for taxation, though not conclusive, is competent evidence bearing upon the value of· the property owned by the corporation.

3. The charge of the court as a whole was clear and accurate, and properly submitted to the jury the issues involved; the requests to charge, so far as legal and pertinent, were covered by the charge given; the evidence warranted the verdict, and there was no error in denying a new trial.

February 5, 1895.

Appeal. Before Judge Falligant. Chatham superior court. June term, 1894.

Saussy & Saussy and D. B. Lester, for plaintiff in error. Samuel B. Adams, *contra.*

Simmons, Chief Justice.

The Mayor and Aldermen of the City of Savannah sought to appropriate to public use, for streets, so much of the toll-road of the Vernon Shell Road Company as was situated within the corporate limits of the city. Assessors were appointed, under the city charter (Code, §4849), who awarded as compensation to the shell road

company $5,000, and the company appealed to a special jury in the superior court.   The jury found for the appellant $5,500, and the appellant made a motion for a new trial, which was overruled, and it excepted.

1. The shell road company contended that its compensation should be estimated upon the theory that the company was absolute owner of the land upon which the road was built, and if it should cease to use the same as a highway, could sell or dispose of the land for any other purpose; this contention being based upon the act of December 13th, 1859, by which the company was incorporated, and which provided that it should be lawful for said corporation to construct a shell road from the city of Savannah to White Bluff on the Vernon river in the county of Chatham, to be constructed and laid on and over the bed of the White Bluff road, on condition that the assent of the inferior court and commissioners of roads of Chatham county be first obtained, and to erect toll-gates across the same and charge toll for the use of said road and for passing over the same, and that "all laws, rights and property acquired by said company, with said road when completed, and all profits which may accrue therefrom, shall be invested in their respective stockholders, their heirs, legal representatives or assigns forever, in proportion to their respective shares." (Acts 1859, p. 341.)   The court declined to instruct the jury as requested by counsel for the company, on this subject, and charged them as follows: "The right of the shell road company was to establish, construct and own and operate a shell road constructed upon the road-bed of the White Bluff road.   They had a right under their charter to do this, and hold it to them and their stockholders and their heirs and assigns forever; and as long as they maintained the shell road, through all the future, they and their heirs and assigns could hold it for all legitimate purposes." "Your estimate is

not to be upon the theory that the shell road company owns as its private property in fee simple forever, with the power to divide up into lots and sell that section of the foundation of the shell road company; so that you will disregard any such idea as that in making your estimate.".

The court did not err in refusing to instruct the jury as requested by counsel for the plaintiff in error, and in charging as it did on this subject. The grantee under an act like the one in question can take nothing by implication. The rule which requires a grant to be taken most strongly against the grantor does not apply to a legislative act. On the contrary, in such a case the grant, whether it be of property or franchises, is to be construed strictly in favor of the public; and nothing passes but what is granted in clear and explicit terms. Code, §2362; *Harrison* v. *Young*, 9 *Ga.* 359; *McLeod* v. *Railroad Co.*, 25 *Ga.* 457, and authorities cited; Sutherland on Statutory Construction, §378, and citations. So construing the act in question, it did not, in our opinion, pass title in fee to the land upon which the road was constructed. The interest conferred in the land was merely an easement in the maintenance, use and enjoyment of the turnpike road when completed in accordance with the terms of the charter. Consequently, the compensation to be paid to the company should be estimated, not with reference to the value of the land in fee, but with reference to the company's easement therein. The decision of this court in the case between the same parties, reported in 88 *Ga. Rep.* 342, is not in conflict with what we rule in the present case. There the question was, whether the city authorities could appropriate the road to public use without making any compensation whatever. We held that they could not do this, and that the company was entitled to be paid for the damage to its easement. The court did not say that the land upon

which the road was built was vested absolutely in the company.

2. Evidence as to the market value of the stock of a corporation and the amount at which its property is returned for taxation, is, of course, not conclusive as to the value of the property owned by the corporation, but such evidence may be considered by the jury for what it is worth, in connection with other evidence, as throwing light upon the value of the property. The court did not err in admitting evidence on this subject, nor in refusing to charge the jury in reference thereto as requested by counsel for the plaintiff in error.

3. The charge of the court, as a whole, was fair and correct, and properly submitted to the jury the issues involved; the requests to charge, so far as legal and pertinent, were covered by the charge given; the evidence warranted the verdict, and there was no error requiring a new trial. As to the refusal to give the appellant the opening and the conclusion on the trial, see *Streyer* v. *Georgia Southern etc. R. Co.*, 90 *Ga.* 56; *Wolff* v. *Georgia Southern etc. Co.*, 94 *Ga.* 555. *Judgment affirmed.*