39579.  STATE HIGHWAY DEPARTMENT v.
WILKES et al.

Decided September 25, 1962.

*Eugene Cook, Attorney General, Carter Goode, Paul Miller, E. J. Summerour, Assistant Attorneys General, William J. Gibbons, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Hugh D. Wright, Jr., Edward Parrish,* contra.

FRANKUM, Judge. ■ During the course of cross-examination of a witness for the condemnor, counsel for the condemnee propounded the following question: "Would you feel inclined to buy a lot and build a house and live there, knowing that there would be 24,000 vehicles passing that close to you at all hours of the day and night, and live close to an overpass where those heavy trucks would shoot the gas and make enough noise to think a war was going on, and lights be shining around all times of the day and night, do you honestly think that you as an individual would pay as much for it and build a house there for the purpose of living there?" Whereupon, counsel for the condemnor objected to the question upon the grounds that "what the witness as an individual would pay for said property was

not admissible, as the issue before the court was the fair market value of the property." The court overruled the objection, and the witness answered the question as follows: "Well, I'll tell you: In my opinion any of them lots out there in that immediate section, if you sold either one of them for a thousand dollars, you would be getting a good price."

It is clear that regardless of whether the question was proper or improper, the witness' answer was not responsive to the part of the question which the condemnor contends was improper. The witness did not testify as to what he as an individual would pay for the property in question. If the question was improper, it is obvious that the answer thereto did no harm. See *Harrison v. Hester*, 160 Ga. 865, supra; *Georgia Power Co. v. Carson*, 46 Ga. App. 612 (167 SE 902). Special ground 1 of the amended motion for a new trial is without merit.

■ An expert witness for the condemnor gave opinion testimony as to the value of the condemnee's land taken and as to the amount of consequential damages to the condemnee's land not taken. He testified that he had made an investigation of sales of comparable land which he used as an element in arriving at his opinion concerning the market value of the property taken. The condemnor sought to question the witness further as to the voluntary sales of property, similar to that in question, made near the time of the taking of the condemnee's property "for the purpose of going into each individual similar comparable sale, as to who sold to whom and as to how much was paid therefor, *based upon information given to the witness by either the seller or buyer*." (Emphasis ours.)

Condemnee objected to the allowance of such evidence upon the ground that it would be hearsay. The court sustained the objection, and special ground 2 of the motion for new trial assigns this ruling as error upon the ground that "[t]he exclusion of said evidence prevented movant from showing the value of comparable lands for their [the jury's] consideration in arriving at the market value of the land sought to be condemned."

The court did not commit error. We do not have involved here the rule announced in *Garner v. Gwinnett County*, 105 Ga. App. 714 (125 SE2d 563); *Gulf Refining Co. v. Smith*, 164 Ga.

811 (4) (139 SE 716); and *Landrum v. Swann*, 8 Ga. App. 209 (68 SE 862), that a witness may give his opinion as to the value of property although his testimony rests upon hearsay. Nor do we have a ruling which prevented the condemnor from showing by competent evidence the value of lands similar to that being condemned. See *Flemister v. Central Ga. Power Co.*, 140 Ga. 511 (6) (79 SE 148); *Alabama Power Co. v. Chandler*, 217 Ga. 550 (123 SE2d 767), s.c., 104 Ga. App. 521 (122 SE2d 317); *Housing Authority of Calhoun v. Spink*, 91 Ga. App. 72 (85 SE2d 80). Cf. *Fulton County v. Cox*, 99 Ga. App. 743 (109 SE2d 849). But we are concerned with the question of who is a proper person to testify to the facts sought to be elicited from this witness. While this witness, who was qualified as an expert, could give his opinion as to the value of the property based upon his investigation, although his opinion may have been formed on the basis of hearsay, he could not testify as a fact that a specific piece of property comparable to the condemnee's property was sold at a certain amount when he had no actual knowledge of such fact except what someone, not a party to the suit, told him. It follows, of course, that a witness must have actual knowledge of a fact before it is proper to allow him to testify positively as to the existence of such fact. *Code* § 38-301. Special ground 2 is not meritorious.

■ Mrs. Adeline W. Wilkes, condemnee, testified as follows: "Q. Mrs. Wilkes, after you or Judson bought the property in your name he handled it in its entirety? A. Yes. Q. Of course, if a deed was made, you signed the deed, and you knew what it was being sold for? A. Yes. Q. State whether or not you are also familiar with the contract price that he had, if he had one, for the erection of the houses which he sold? A. Yes, I am. Q. Was any of that property sold off by you, or by Judson acting for you, as a vacant lot, but was it not all developed as building houses and selling them? A. I don't think any of it was sold as a vacant lot. Q. Was it your plan to develop the entire subdivision as the demand for housing progressed? A. Yes. Q. And as your finances permitted, to build houses and sell off the houses at a profit? A. That's right." The witness was then asked the following question: "Q. Now, will you tell the jury

what profit you were making on each house that had been sold up to that time?" Whereupon counsel for the condemnor objected to the question and the answer sought to be elicited on the grounds "that such profit was too remote and speculative to form the basis of any recovery for any such loss—too uncertain, speculative and remote to form any basis for consideration by the jury, and it would be irrelevant and immaterial to the issue in the case for the simple reason that the question is the market value of the land and not value or profits made by building houses, and on the grounds that it was irrelevant, immaterial, and not germane to any issue in the case." The court overruled the objection and the witness answered: "The profit ranged from $1900 to $2300."

In *Central Ga. Power Co. v. Stone*, 139 Ga. 416, 419 (77 SE 565), the Supreme Court held: "In condemnation proceedings, as to land taken, the question is, what is its market value? The market value is the price which it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who wishes to buy, but is not under a necessity to do so. In determining what this market value is, the jury are not confined to considering the use to which it is actually being put by the owner. He may have used a valuable corner for a stable or for a pigsty. But he is not obliged to have it priced on that basis. The character, location, size, and shape of the property, and its availability for different uses may be shown. A corner lot in a town may be proved to be adapted to use as a garden, or as a location for a residence, or for a site for a store or office building. This may not only increase the number of probable buyers, but also the probable price which a buyer would pay for it. If it were proved that the lot had a coal or iron deposit under the surface, this would be for consideration in estimating the market value. And so of other possible elements, such as suitability for a bridgesite or a dam or reservoir. These would not furnish separate items for recovery, but would be legitimate for consideration in estimating market value. *Harrison v. Young*, 9 Ga. 359; *Central Ga. Power Co. v. Mays*, 137 Ga. 120 (72 SE 900), and citations. But this is an entirely different thing from undertaking to prove that the condemner

can spend so much money in improvements, or in a business to be established on the land, and can make an estimated profit, and estimating the market value on the basis of prorating the contribution of the landowner to the total result. To enter into the possibilities of profitable or unprofitable investments, or success or failure of a business enterprise, would be to lose sight of the main issue and become entangled in a maze of collateral questions. The owner who would like to show the possible profits of the condemner, as a means of increasing the estimate of the market value of the land taken, would hardly be willing to have the market value decreased by showing that the enterprise involved large risks and might not be profitable for a long time, if at all, and that the owner of the land taken should share the possible losses as well as the probable profits." See also *Southern R. Co. v. Miller*, 94 Ga. App. 701 (96 SE2d 297). Cf. *State Highway Board v. Willcox*, 168 Ga. 883 (149 SE 182).

Accordingly, the court erred in overruling special ground 8 of the motion for new trial which complains of the admission of this testimony.

■ Special ground 9 of the amended motion for new trial assigns as error the court's ruling which excluded certified copies of tax returns for the years 1959 and 1960 on the property being condemned. The returns were made in the name of J. S. Wilkes, Jr., the condemnee's husband. The condemnee testified that her husband was acting as her agent in making the returns. The certified copies of the returns were identified by the tax commissioner as being ones that her husband made.

Under Georgia law, in cases involving value of property, tax returns made by the owner of the property in question, which set forth a particular value on such property, are admissible as a circumstance for the consideration of the jury to show the value placed on the property by the owner. *Western & A. R. Co. v. Tate*, 129 Ga. 526 (59 SE 266); *Vernon Shell Road Co. v. Mayor &c. of Savannah*, 95 Ga. 387 (22 SE 625). Aliter, when the value is fixed by an assessor (*Seagraves v. Seagraves*, 193 Ga. 280, 18 SE2d 460), or the return does not refer to the specific property in question (*Housing Authority of Calhoun v. Spink*, 91 Ga. App. 72, supra). The court erred in excluding these documents from evidence.

■ The general grounds and special grounds 3, 4, 5, 6, and 10 of the motion for new trial have been specifically abandoned. Special ground 7 it without merit. For reasons stated in Divisions 3 and 4 of this opinion the court erred in overruling condemnor's motion for new trial.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*