## 25380. BOWERS v. FULTON COUNTY.

GRICE, Justice. This appeal from the second trial of a condemnation proceeding was brought to this court on the theory that construction of a provision of the Georgia Constitution has been invoked. However, we take the view that application, rather than construction, is involved. The Court of Appeals has jurisdiction to apply the constitutional provision to the facts here. See in this connection, *Gulf Paving Co. v. City of Atlanta,* 149 Ga. 114 (99 SE 374); *Suttles v. Hill Crest Cemetery,* 209 Ga. 160 (71 SE2d 217). Since there is no basis for this court's jurisdiction, the case must be

*Transferred to the Court of Appeals. Almand, C. J., Mobley, P. J., Frankum and Felton, JJ., concur. Undercofler, J., and Judge T. O. Marshall dissent. Nichols, J., disqualified.*

ARGUED SEPTEMBER 10, 1969—DECIDED NOVEMBER 17, 1969.

*Houston White, Sr., Ralph E. Carlisle,* for appellant.

*Paul H. Anderson, Harold Sheats, George Gillon,* for appellee.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, E. J. Summerour, Deputy Assistant Attorney General, King & Spalding, R. Byron Attridge, Charles M. Kidd, Jack H. Watson, Jr.,* for parties at interest not parties to record.

UNDERCOFLER, Justice, dissenting. In my opinion the question in this case involves the construction of a constitutional provision rather than its application. Construction is the determination of the meaning of the provision. Application is involved only where the provision is precise or has been conclusively defined by this court. To decide this case the

meaning of the provision must be ascertained. Therefore the Supreme Court has jurisdiction. *Woodside v. City of Atlanta*, 214 Ga. 75, 76 (103 SE2d 108).

I am authorized to state that Judge T. O. Marshall joins in this dissent.