## 30549. WHITE v. GEORGIA POWER COMPANY.

PER CURIAM.

This eminent domain case had its inception in 1969, and it reached this court, for the second time, six and one-half years later. We have 210 pages of documents that are misnamed "Briefs"; we have a record and transcript consisting of approximately 4,000 pages; appellant, the condemnee below, has enumerated fifteen alleged errors to have been committed in the trial court; we have given full and studied consideration to all of them; we conclude that they are, with one exception, without merit; and we affirm the judgment of the trial court, but order further proceedings consistent with this opinion.

In August of 1969 the appellee filed its condemnation action to acquire an easement over approximately ten acres of land belonging to the appellant. The action was brought under the Special Master Act (Code Ann. Ch. 36-6A), and in September, 1969, a judgment vesting the interest in the land sought to be condemned in the appellee was entered in the trial court. Both parties filed appeals from the award of the special master to a jury in the superior court "as to the value of the property taken or the amount of damage done." Code Ann. § 36-614a.

In October of 1971, the trial judge entered a pre-trial order in the case. Paragraph 4 of that pre-trial order was: "The sole issue in this case is value of the property taken for the easement of condemnor (just and adequate compensation) plus any consequential damages to the remainder of the condemnee's property.

"The condemnee filed an amendment to Paragraph 8, Subparagraphs 5 and 6 on August 28, 1971, in which he seeks to recover attorney's fees and expenses of litigation in this case, which must be considered by the court in view of Code Sec. 81A-116, which requires the court to simplify the issues made by the pleadings in a pre-trial proceeding.

"The right to recover attorneys' fees and expenses of litigation are not embraced within just and adequate compensation for land taken by eminent domain and consequently is not an issue in this case. (See *Bowers v. Fulton County,* Supreme Court of Georgia, No. 26035,

decided July 9, 1971.)

"The Court, therefore, rules in this case as a matter of Constitutional construction of Article I, Section III, Paragraph I of the Constitution of Georgia of 1945, the condemnee is not entitled to be paid attorney's fees or expenses of litigation as a part of just and adequate compensation for land taken or damaged by eminent domain, and the said amendment filed August 28, 1971 is ordered stricken from the record in this case and the allegations of Paragraph 8, Subparagraphs 5 and 6 are stricken from the answer of defendant-condemnee."

The appellant sought and obtained a certificate for an interlocutory appeal to this court for review of the above-quoted portion of the pre-trial order. The interlocutory appeal was docketed in this court, fully briefed, orally argued, and on February 10, 1972, prior to the rendition of a decision by this court, the appeal was voluntarily dismissed by the condemnee.

The case proceeded to trial before a jury in September of 1973; the jury returned a verdict that was less than the amount of the award of the special master; and judgment was entered in favor of the condemnor for the difference between the award and the jury verdict plus interest from the date of the jury verdict.

The appellant filed a motion for new trial; the motion for new trial was amended on March 24, 1975; and on July 3, 1975, the trial judge entered a judgment that denied a new trial on each and every ground of the amended motion. The appeal here is from that judgment.

1. Appellant's first enumerated error contends that attorney fees and expenses of litigation are elements of damage for which a condemnee must be compensated in compliance with Georgia's constitutional provision requiring payment of just and adequate compensation. The meaning of the words "just and adequate compensation" as contained in our Constitution was defined in the case of *Bowers v. Fulton County,* 122 Ga. App. 45 (176 SE2d 219) (1970), affirmed 227 Ga. 814 (183 SE2d 347) (1971). *Bowers* was decided in this court with two visiting superior court judges, because two of the members of this court were disqualified in that case. *Bowers* was a 4-3 decision with one of the visiting judges

voting with the majority and the other visiting judge voting with the minority of three. Since *Bowers* was decided, five new members have taken their places on this court. One of those new members, Justice Jordan, is disqualified in this case. We therefore have another visiting superior court judge, Judge Calhoun, sitting in this case where the "constitutional construction issue" is again raised. A majority sitting in this case votes to reassess the constitutional issue. The minority voting in this case would not reopen the constitutional construction issue, but would follow the rule laid down in *Bowers* in 1971 and apply it in the instant case which had its inception in 1969.

We now hold that the words "just and adequate compensation" contained in our Constitution are to be interpreted by the judiciary to include attorney fees incurred by a condemnee or condemnees in an eminent domain case and are also to be interpreted to include all reasonable and necessary expenses of litigation incurred by such condemnees in eminent domain cases.

As no statutory procedure now exists for handling this feature of the case, we must give some direction in this and other condemnation cases until such time as the General Assembly may determine an appropriate procedure.

First, it shall be the duty of the fact finder, whether it be three assessors, a special master, or a jury, to determine the fair market value of the property actually taken plus consequential damages to any of the condemnee's remaining property that is not taken.

Second, it shall be the duty of the fact finder to determine whether any additional damages should be paid by the condemnor to the condemnee. And if the fact finder so determines that additional damages should be paid, such as attorney fees and reasonable and necessary expenses of litigation, the fact finder shall make its recommendation to the trial judge to that effect.

Third, if such a recommendation by the fact finder is made to the trial judge, he shall then conduct a hearing, receive evidence as to the value of such recommended damages, and the trial judge himself shall then make a

determination, based on the submitted evidence, of the amount of such recommended damages and award such amount to the condemnee as being a part of "just and adequate compensation" for the property taken.

In the instant case we affirm the judgment rendered below but order further proceedings in the trial court consistent with this opinion.

Upon remand of this case to the trial court, the trial judge shall, unless a jury is waived by both parties, convene a jury and submit to it the issue of whether the condemnee in this case is entitled to attorney fees and reasonable and necessary expenses of litigation in this case as a part of "just and adequate compensation." If the jury makes a negative determination on this issue, that ends the matter. On the other hand, if the jury makes an affirmative determination on this issue, the trial judge shall then conduct a hearing, receive evidence, and make an award to the condemnee of attorney fees and reasonable and necessary expenses of litigation as a part of "just and adequate compensation" in this case.

This having been done, and unless there is another appeal from the further proceedings that we now order, this case will have been concluded.

2. The appellant enumerates the denial of a new trial as being error for several reasons. The first is the so-called general grounds. He recognizes that "the appellate court passes not on the weight but on the sufficiency of the evidence, and it is the court's duty to determine whether the verdict as rendered can be sustained under any reasonable view of the proof submitted." Having recognized this proposition, the appellant nevertheless goes on to ask this court to weigh the evidence, saying in his brief: "It is the appellant's contention that the verdict as rendered cannot be sustained for the reason that the greater weight of the evidence is on the side of the condemnee." We conclude that the verdict returned by the jury was within the range of the evidence presented to the jury, and this contention is without merit.

Second, the appellant contends that the trial court erred in refusing to allow an expert witness to testify about two specific instances in which three young people

were struck and injured by lightning while standing by high voltage wires. The trial judge disallowed this evidence on the ground that it related to collateral issues that might unduly delay the trial of the primary issue to be decided in the case. In *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (1949), it was held: "Although evidence of collateral matters may throw some remote light on the main issues of the cases, it is nevertheless necessary that trial judges be vested with some latitude as to the admissibility of this type of evidence. Otherwise the whole course and progress of the trial could become converted to the determination of collateral issues rather than the main one." We find no error.

Third, the appellant contends that the trial court erred in allowing certain hearsay testimony by expert witnesses. This contention is without merit and will be treated more fully later in this opinion.

Appellant's fourth and fifth contentions under this enumeration of error deal with the denial of cross examination or the limitation thereof by the trial judge. We have examined that part of the transcript pertinent to this contention, and we find it to be wholly without merit.

3. Enumerated errors number 3 and 4 contest the allowance into evidence by the trial court of certain expert testimony. The law in this area was succinctly stated by the Court of Appeals in its opinion, *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 100 (150 SE2d 271) (1966): " 'When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based, but he may do so.' [Cits.] Where the value of property is in dispute, therefore, evidence of sales of comparable property not too remote in point of time may become relevant in one of two ways: the expert witness, in explaining, on cross examination or otherwise, how he arrived at his estimate of value, may refer to other sales of property taken into account by him and which influenced his opinion, or the fact and amount of sales of similar property may be introduced in evidence directly for jury consideration without passing through the mediating analysis of the experts. In the former instance, whether or not the property is sufficiently

similar, and the sale sufficiently close in point of time, is evidence from which the jury may determine the credibility of the expert and, even though of doubtful probative value, is admissible for this purpose. [Cit.] Where value is sought to be proved directly by comparable sales the foundation must first be laid by showing the similarity of the properties, and whether such foundation has been properly laid is for the determination of the trial judge who has a wide discretion in the matter, 'and unless he has manifestly abused that discretion the appellate courts will not control it. Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence of the transfer.' [Cit.]"

The facts which give rise to the enumerated errors in this case are that the expert witness had based his opinion of the value of the land to be condemned upon research done by members of his staff. Such research obviously rests upon the credibility of members of his staff and thus is hearsay when testified to by the expert witness. The parties agree that an expert witness' opinion may be based on hearsay. They differ on the issue of whether that hearsay may be reported in testimony of the expert witness.

In *State Hwy. Dept. v. Wilkes,* 106 Ga. App. 634 (2) (127 SE2d 715) (1962) the condemnor had sought to examine an expert on the details of the sale upon which the expert had based his opinion. A hearsay objection was sustained by the trial court and affirmed by the Court of Appeals. That court held that the expert could have given an opinion based on hearsay, but he could not relate in testimony that hearsay as a fact. Thus the expert could not testify that specific property was sold under certain circumstances when he had no actual knowledge of the facts. The court said that the question was who was the proper person to testify as to the facts sought to be elicited.

In *Chandler v. Alabama Power Co.,* 104 Ga. App. 521 (14) (122 SE2d 317) (1961) the Court of Appeals reversed a condemnation case where the expert had given evidence of sales which was "clearly hearsay," and where a requested charge limiting the testimony was refused. The requested charge limited the hearsay testimony for use

solely in determining how well qualified the expert was and not as evidence of actual value. On certiorari in *Alabama Power Co. v. Chandler,* 217 Ga. 550 (2) (123 SE2d 767) (1962), this court reversed saying that the testimony was admissible. It is exceedingly significant to note that the limiting instruction which the Court of Appeals in *Chandler* found vitally necessary was in fact given in this case: "Where he [the expert] testifies from facts of his own knowledge, these facts may be considered by the jury as direct proof of value. Where he testifies as to matters that are not of his own personal knowledge, for instance, where it's hearsay evidence, that is, what somebody not a party to the proceeding told him, this is admissible not as direct proof of value but for showing the basis of the expert's opinion as to the value and for enabling the jury to evaluate its weight."

Thus, even under *Chandler* I, there would be no error in this case.

In *State Hwy. Dept. v. Howard,* 119 Ga. App. 298, 303 (167 SE2d 177) (1969) the Court of Appeals said: "While it is not necessary that an expert witness state the facts upon which he bases his opinion (Code § 38-1710), it is error to refuse to permit him to do so for the purpose of showing the basis of the opinion . . . It matters not whether the facts are sought from the witness while on direct or cross examination. These may or may not be admissible as direct proof of value, depending upon their nature, but they are generally admissible for showing the basis of the expert's opinion as to value and for enabling the jury to evaluate its weight. . . Anything in *State Highway Department v. Wilkes,* 106 Ga. App. 634 (127 SE2d 715) conflicting with what is held in *Alabama Power Co. v. Chandler,* 217 Ga. 550, supra, must yield."

Thus in *Howard* the court overruled *Wilkes* and stated as a general rule that the trial court may allow the expert to relate those facts, even if those facts are the opinions of others, in order to show the basis of his opinion and enable the jury to evaluate its weight.

Under the above-cited authorities it is not error for the trial court to allow an expert to relate facts of which he has no direct personal knowledge, especially where the trial court gives the limiting instruction given in this

case.

Enumeration 4 alleges error in allowing an expert to give evidence of the sales upon which his opinion is based without foundation. This practice is clearly authorized by the quoted portion of *Hollywood Baptist Church v. State Hwy. Dept.,* supra. In any event, the expert's testimony laid a proper foundation for comparable sales.

There is no merit in either of these contentions.

4. In the next enumerated error the appellant contends that the trial court should have allowed him to prove valuation of the property by the taxing authorities in order to throw light upon the true value of the property following the taking. This contention does not involve the use of a signed ad valorem tax return for the purpose of showing the condemnee's prior statement as to the value of the property being taken.

Subsequent assessments for ad valorem tax purposes, made by tax assessors in a year or years subsequent to the taking, are irrelevant and immaterial to the issue being decided by the jury. The issue for decision was the value of the interest in the property taken plus consequential damages to the remainder as of the date of the taking, September, 1969 in this case.

We find no error.

5. Enumerated errors 6, 7, 9, 10, 14, and 15 complain of the failure to give requested instructions to the jury and complain of some instructions actually given to the jury. It will have to be sufficient to say here that we have reviewed the requested instructions that were denied, the instructions given to the jury and complained of, and the charge of the court to the jury as a whole; and we find these enumerated errors to have no merit.

6. The eighth enumerated error complains that the trial court committed error in allowing counsel for the appellee to play a tape recording admitted into evidence, as evidence of the appellant, to the jury during the closing argument. The appellant contends that the trial judge allowed the appellee to introduce new evidence during the closing argument, that the evidence was hearsay, and that the proper foundation for it had not been raised.

The refutation of the appellant's contention in this regard is found in the fact that counsel for the appellant

introduced the entire tape cassette into evidence and thus made its full contents available to the jury. Counsel for the appellant stated: "Your Honor, I want to introduce the tape cassette. I have the recorder. If I may, I would like to introduce the cassette and leave it in the recorder in case it ever becomes necessary to play it." The evidence was admitted without objection.

We find no error.

7. The ninth enumerated error complains of the denial to the appellant of the right to open and conclude argument to the jury, because the condemnor failed to introduce evidence on the question of consequential damages. It is a settled issue in this state that the condemnor has the burden of proof in a condemnation case (*Georgia Power Co. v. Brooks,* 207 Ga. 406 (62 SE2d 183) (1950)), and with that burden goes the right to open and conclude the argument to the jury.

8. The thirteenth enumerated error complains that the appellant was denied the right to be present at the trial during all stages of the trial. The appellant himself was late in arriving at the courthouse when the trial judge began instructions to the jury. The trial judge had instructed the courtroom attendants not to permit anyone in the courtroom, either entering or exiting, during the instructions to the jury. Appellant's attorneys were present in the courtroom during the court's charge to the jury.

This enumerated error is without merit.

Conclusion

Having carefully reviewed the record and the transcript, as they pertain to the errors alleged to have been committed, we find no reversible error, but further proceedings in the trial court, as directed in Division 1 of this opinion, are ordered.

*Judgment affirmed with direction. Nichols, C. J., Undercofler, P. J., and Ingram, J., and Judge Marcus B. Calhoun, concur. Gunter, Hall and Hill, JJ., dissent as to Division 1 and the further proceedings ordered. Jordan, J., disqualified.*

ARGUED JANUARY 15, 1976 — DECIDED JULY 15, 1976 — REHEARINGS DENIED JULY 27, 1976.

Houston White, Sr., *pro se.*

*Strother & Weiner, Beryl H. Weiner, Joel Y. Moss,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Allen E. Lockerman, Schreeder, Wheeler & Flint, Warren O. Wheeler,* for appellee.

*Webb, Parker, Young & Ferguson, Robert G. Young, Anton F. Solms, Jr., Leonard W. Childs, Jr., Heard, Leverett & Adams, L. Clifford Adams, Jr., Harold Sheats, Hansell, Post, Brandon & Dorsey, Albert G. Norman, Jr., Jerald D. Stubbs, Ferrin Y. Mathews, John E. Dougherty, Mary Carole Cooney,* amicus curiae.

NICHOLS, Chief Justice, concurring.

While I concur in the opinion in this case, I feel that an explanation to the bench and bar is needed with reference to the holding in Division 1 of the opinion.

In *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966) in an opinion authored by Justice Quillian and concurred in by Chief Justice Duckworth, Justices Candler, Almand and Grice, this court held: "Art. I, Sec. III, Par. I of the Constitution (Code Ann. § 2-301) is susceptible to no construction except the condemnee is entitled to be compensated for all damage done to his property and expenses caused by the condemnation proceedings. Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building." Justices Mobley and Cook dissented from that opinion. That decision quoted the language of Chief Justice Bleckley in *Oliver v. Union Point &c. R. Co.,* 83 Ga. 257 (1) (9 SE 1086) (1889) where it was held: " 'The constitutional provision that private property is not to be taken for public purposes without just and adequate compensation being first paid, is too plain to be misunderstood, and is not to be violated or evaded by the legislature or the courts.' "

After the *Bowers* case was remanded to the trial court for further proceedings, a second appeal was taken to this court. Again, the condemnee sought to recover the expenses of litigation and also sought to recover attorney

fees. The appeal was transferred to the Court of Appeals (*Bowers v. Fulton County,* 225 Ga. 745 (171 SE2d 308) (1969)), and in a division opinion that court held that while the Supreme Court had held that the condemnee is *"entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings"* (emphasis supplied) that such ruling had no application to expenses of litigation and attorney fees. On certiorari in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347) (1971), with Justice Felton and the writer disqualified, a majority consisting of three Justices of this court and one designated superior court judge affirmed the judgment of the Court of Appeals. Two Justices and one designated superior court judge dissented.

A majority of this court now holds, as was held in *Bowers,* I (1966), supra, that the language of the Constitution requires the conclusion that a condemnee is entitled to recover expenses caused by the condemnation proceedings. This includes attorney fees as well as other expenses of litigation.

INGRAM, Justice, concurring.

I concur in the judgment and opinion of the court because I think the constitutional provision for just and adequate compensation must be interpreted by the judiciary. *Calhoun v. State Hwy. Dept.,* 223 Ga. 65, 67 (153 SE2d 418) (1967). In my view, this provision includes reasonable and necessary attorney fees, and expenses of litigation, which the condemnee *must incur* in order to obtain fair market value of his property taken, and, where appropriate, any consequential damages to the remainder of his property. Thus, my opinion follows the majority decision of the regular membership of this court in *Bowers v. Fulton County,* 221 Ga. 731, 738 (146 SE2d 884) (1966) that, "... the condemnee is entitled to be compensated for all damage to his property *and expense caused by the condemnation proceedings."* (Emphasis supplied.)