## 32036. DEPARTMENT OF TRANSPORTATION v. FLINT RIVER COTTON MILLS.

HILL, Justice.

In this condemnation case the Department of Transportation (DOT) appeals from an award to the condemnee of $850 as attorney fees and reasonable and necessary expenses of litigation.

DOT sought to condemn one one-hundredth (.01) of an acre in order to widen a street in Albany, Georgia. The entire tract owned by the cotton mill contained 7.10 acres and was being used for two baseball parks by the city at no expense to it. The condemned portion was a strip along one side of the property.

DOT offered $200 to the condemnee for the strip and deposited that amount into the registry of the court. The condemnee appealed to a jury asking for $500 as actual damage and $20,000 consequential damage. DOT's appraiser testified that in his opinion the value of the property taken was $200 for the .01 acre and that there was no consequential damage to the remaining tract. The mill's expert testified that in his opinion the value of the

property taken was $492 with consequential damages of $19,684. The trial judge submitted the question of attorney fees and litigation expenses to the jury along with the question of damages in chief.

The jury awarded the condemnee $200 and also recommended additional damages for expenses of litigation and attorney fees. The trial judge conducted a hearing and awarded a lump sum of $850 as expenses of litigation and attorney fees.

In *White v. Georgia Power Co.,* 237 Ga. 341, 343 (227 SE2d 385) (1976), affirmed in *Department of Transportation v. Doss,* 238 Ga. 480 (233 SE2d 144) (1977), this court held that "just and adequate compensation" under the Georgia Constitution could include attorney fees and reasonable and necessary expenses of litigation incurred by a condemnee in a condemnation case. The *White* case also set out the general procedure to be followed in the superior court in order to award such amounts. First the fact finder must determine the fair market value of the property taken plus any consequential damages. Then the fact finder must determine whether any additional damages for attorney fees and necessary expenses of litigation should be awarded, and if so it makes its recommendation to the trial judge. And third, if such a recommendation has been made, the trial judge conducts a hearing and determines the amounts of the additional award. *White* at 343.

Here the jury awarded $200 as the value of the property taken and no amount for consequential damage. The jury recommended additional damages for necessary expenses of litigation and attorney fees. This recommendation was error since $200 was the amount offered to the condemnee by DOT originally. None of the expenses of litigation, including attorney fees, was necessary in this case. The evidence does not support the jury's finding that additional expenses should be awarded. The purpose of awarding attorney fees and litigation expenses is to reimburse the condemnee for those expenses he *"must incur* in order to obtain fair market value of his property taken." Justice Ingram concurring in *White v. Georgia Power Co.,* supra, at 351. Because there was no need for the condemnee to have a

jury trial in order to be adequately compensated for the taking in this case, the expenses of litigation, including attorney fees, are not a necessary part of "just and adequate" compensation here.

The other enumerations of error raised by DOT have been decided adversely to it in *Department of Transportation v. Doss,* supra.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Hall, J., who concurs in the judgment for the reasons stated in his dissent in Dept. of Transportation v. Doss, 238 Ga. 480, 485. Bowles, J., not participating.*

ARGUED FEBRUARY 17, 1977 — DECIDED APRIL 27, 1977.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellant.

*Langstaff, Campbell & Plowden, R. Edgar Campbell,* for appellee.

*Huie, Ware, Sterne, Brown & Ide, W. Stell Huie, R. William Ide, III, Lawrence L. Thompson, Jay J. Levin, Troutman, Sanders, Lockerman & Ashmore, Allen E. Lockerman, J. Kirk Quillian, John G. Grubbs,* amici curiae.