## 32497. MORGAN et al. v. DEPARTMENT OF TRANSPORTATION.

HILL, Justice.

This appeal, certified by the trial judge and authorized by this court, involves principally the question of the finality of an interlocutory hearing and award by a special master in a "declaration of taking" condemnation proceeding under the 1973 Code of Public Transportation (Ga. L. 1973, p. 947; Code Ann. Title 95A).

The condemnees appeal from the certified order of the trial court which required that the condemnees file a bond before receiving disbursement of funds which were paid into court by the condemnor pursuant to the interlocutory award of a special master but which reserved the issues of attorney fees and expenses of litigation for trial.

The Department of Transportation filed a declaration of taking pursuant to Code Ann. § 95A-605 and deposited the estimated just compensation in the DeKalb Superior Court. Three persons were named as condemnees in the declaration. Two others, d/b/a Morgan & Cain Service Station, a partnership, were not named in the declaration but were served. They intervened. Condemnees filed notice of appeal to a jury and petitioned for an interlocutory determination by a special master of the sufficiency of the estimated compensation pursuant to Code Ann. § 95A-611. The special master determined that the condemnor should be required to deposit an additional sum as estimated compensation, and included $2,960 for attorney fees and litigation expenses. The increased compensation was approved by the trial court but the $2,960 was considered as a recommendation only. Within 15 days of the special master's award and again within 15 days of the trial court's order, the department filed notices of appeal to a jury to contest the interlocutory award.

Upon application by the condemnees, the trial court ordered disbursement of the sums on deposit but disbursement of amounts in excess of the department's estimate of just compensation was conditioned on the filing of bond for repayment by the condemnees of any

amount disbursed that exceeded the amount awarded by the jury on trial of the appeal.

1. Condemnees contend that the special master's interlocutory award has become a final judgment because no "exceptions" to his findings were filed within fifteen days. Code Ann. § 95A-611 sets forth procedures for an interlocutory award in cases commenced by the condemnor's filing of a declaration of taking and deposit of estimated compensation where the owner or claimant is dissatisfied with the amount estimated and has filed a notice of appeal to a jury in accordance with Code Ann. § 95A-610. Pending the appeal to a jury the condemnee may petition the trial court for a hearing before a special master for a determination of whether the condemnor should be required to deposit an additional amount as estimated compensation. Upon approval of such interlocutory award by the trial court, the condemnor is required to pay into court any additional amount required by the interlocutory award. The section then requires, without any exceptions, the filing of bond, as was ordered by the trial court in this case, as a condition of the pre-trial disbursement of the special master's additional award. The requirement on the condemnee of posting bond shows that the jury trial is still to come.

It is the final sentence of Code Ann. § 95A-611 which the condemnees contend causes the interlocutory award to be a final judgment. "The interlocutory award provided for in this section shall not be subject to exceptions to any higher court, and shall not be vacated or modified after 15 days."[1] Ga. L. 1973, pp. 947, 1019. That the interlocutory award provided by this section is not subject to review in a higher court (by certification or following a final judgment or otherwise) is merely a re-emphasis of the authorization of appeals provided in Code Ann. § 6-701. Subsection (b) of that section allows review on appeal of only those rulings which may affect the proceedings below. Because the subsequent de novo jury trial supplants the interlocutory award of the special master,

---

[1] Neither the validity nor amount of the interlocutory award is being considered on this appeal.

Code Ann. § 95A-612, and because the interlocutory award is just that — interlocutory, Code Ann. § 95A-611, temporarily in effect until the jury award, Code Ann. §§ 95A-611, 95A-612 — consideration by the higher court of the interlocutory award would not affect the proceedings below. That the interlocutory award is not subject to being vacated or modified after 15 days indicates a legislative intent to make the interlocutory award quickly available to the condemnee without further protracted dispute over the interlocutory amount. Thus, after 15 days, no further re-examination of the estimated compensation by the special master or the superior court is allowed to either party. The parties must seek final redress by means of the pending appeal to the jury. Code Ann. § 95A-612.

Condemnees appear to be urging that the phrase "after 15 days" modifies the phrase "higher court" so that the sentence in question could be read as providing that "The interlocutory award provided in this section shall not be subject to exceptions to any higher court . . . after 15 days." If such construction were to be adopted, the provision would be contrary to the title of the Act where it was stated that one purpose of the Act was to provide "that interlocutory rulings are not reviewable by higher court . . ." Ga. L. 1973, pp. 947, 949.

The condemnees also urge that Code Ann. § 95A-612 supports their contention that the interlocutory award has become a final judgment. That section provides in part that appeals from final judgments based on jury verdicts shall be as in other cases at law. The section continues by providing: ". . . provided an interlocutory award has not become final, as provided in section 95A-611." If we were to adopt the construction urged by the condemnees, the quoted words would become a trap for unwary condemnees because, after filing notice of appeal to a jury to contest the condemnor's estimate of just compensation (Code Ann. § 95A-610), and after petitioning for an interlocutory award pending the requested jury trial, a condemnee would be required to file notice of appeal or exceptions to the interlocutory award in order to preserve his pending appeal to a jury. We reject this argument as being contrary to the legislative intent in providing for interlocutory awards.

The interlocutory award provided by Code Ann. § 95A-611 does not terminate in any manner the overall proceeding of which it is only an optional and interlocutory part. Interpretation of the last sentence of Code Ann. § 95A-611 or the first proviso in Code Ann. § 95A-612 which would allow interlocutory awards of estimated compensation to become nonappealable final judgments is contrary to the legislative scheme. *Barton v. Atkinson,* 228 Ga. 733 (187 SE2d 835) (1972); *Sale v. Leachman,* 218 Ga. 834 (1) (131 SE2d 185) (1963). The trial court did not err in holding that the special master's interlocutory award was not a final award.

2. The condemnees argue that *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976), requires that the trial court determine amounts for attorney fees and litigation costs when a special master recommends that these expenses be included in the estimated compensation.

*White v. Ga. Power Co.,* supra, set forth the duty of the factfinder when the final determination of just and adequate compensation is being made to determine whether any additional damages should be paid by the condemnor to the condemnee. A factfinder's recommendation for additional damages authorizes the trial judge, after a hearing, to determine the amount.

The procedures set forth in *White v. Ga. Power Co.,* supra, have no part in the determination by a special master of an interlocutory award of estimated compensation pursuant to Code Ann. § 95A-611. The trial court did not err by declining to make a determination of attorney fees and litigation expenses based on the special master's recommendation, nor did it err by reserving that issue for determination by the jury.

3. The partnership contends that the bond requirement of Code Ann. § 95A-611 violates due process and equal protection of the law guaranteed by the State and Federal Constitutions. This contention arises because the original condemnees withdrew the entire original deposit without bond and the intervenors were required to post bond as to all sums on deposit sought by them.

The declaration of taking method of condemnation of

the Code of Public Transportation is not unconstitutional. *Coffee v. Atkinson County,* 236 Ga. 248, 250 (223 SE2d 648) (1976). The special master's interlocutory award procedure is not unconstitutional. *State Hwy. Dept. v. Smith,* 219 Ga. 800, 806-807 (136 SE2d 334) (1964). Intervenors find themselves required to post bond in the amount of their requested withdrawal because of their failure to object to allowing the original condemnees to withdraw all of the original deposit without any bond at all. Intervenors thus will not be heard to complain that they were not allowed to withdraw any part of the original deposit without bond.

*Judgment affirmed. All the Justices concur, except Jordan and Hall, JJ., who concur in the judgment only.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 7, 1977.

*Dillard & Shearer, George P. Dillard,* for appellants.
*Russell & Nardone, A. Joseph Nardone, Arthur K. Bolton, Attorney General, Roland F. Matson, Assistant Attorney General,* for appellee.