## 55394. DEPARTMENT OF TRANSPORTATION v. SHELKEITH, INC. et al.

SHULMAN, Judge.

The sole issue in this condemnation case is whether or not the trial court erred in granting a new trial on the issue of additional damages as cost of litigation and attorney fees. In a bifurcated verdict, the jury found for the condemnee in a sum considerably in excess of the prelitigation offer of the condemnor, but then found, "We the jury do not recommend additional damages as cost of litigation." The trial judge granted a new trial based on the ground that the verdict regarding litigation costs was contrary to law and justice. The court ruled that because the jury award as to fair market value and consequential damages was substantially more than the prelitigation offer, the verdict denying reasonable and necessary litigation expenses and attorney fees, if allowed to stand, would deny condemnee his constitutional right to just and adequate compensation for the land taken. Appellant

enumerates error on the grant of the new trial.

1. Both the trial court and appellee rely heavily on *White v. Ga. Power Co.,* 237 Ga. 341, 343 (227 SE2d 385), holding ". . . that the words 'just and adequate compensation' contained in our Constitution are to be interpreted by the judiciary to include attorney fees incurred by a condemnee or condemnees in an eminent domain case and are also to be interpreted to include all reasonable and necessary expenses of litigation incurred by such condemnees in eminent domain cases."

However, as pointed out by appellant, *White* goes much further and enunciates clearly the procedure for determining the contemplated additional damages, and on pp. 343 and 344 of that case, the Supreme Court states:

"First, it shall be the duty of the fact finder, whether it be three assessors, a special master, or a jury, to determine the fair market value of the property actually taken plus consequential damages as to any of the condemnee's remaining property that is not taken.

"Second, it shall be the duty of the fact finder to determine whether any additional damages should be paid by the condemnor to the condemnee. And if the fact finder so determines that additional damages should be paid, such as attorney fees and reasonable and necessary expenses of litigation, the fact finder shall make its recommendation to the trial judge to that effect.

"Third, if such a recommendation by the fact finder is made to the trial judge, he shall then conduct a hearing, receive evidence as to the value of such recommended damages, and the trial judge himself shall then make a determination, based on the submitted evidence, of the amount of such recommended damages and award such amount to the condemnee as being a part of 'just and adequate compensation' for the property taken."

We hold that, based on *White,* only if the fact finder, here the jury, finds for additional damages does the court have the right to conduct a hearing to determine the amount of such additional damage. If the fact finder holds against such additional damage for attorney fees and costs of litigation, that phase is ended.

"[T]he trial judge shall, unless a jury is waived by both parties, convene a jury and submit to it the issue of

whether the condemnee in this case is entitled to attorney fees and reasonable and necessary expenses of litgation in this case as a part of 'just and adequate compensation.' *If the jury makes a negative determination on this issue, that ends the matter.*" *White,* supra, p. 344. (Emphasis supplied.) See also *Morgan v. Dept. of Transportation,* 239 Ga. 560 (2) (238 SE2d 95).

2. The trial court erred in granting appellee's motion for a new trial. It is well settled that the first grant of a new trial will not be disturbed by an appellate court where it is granted by the trial court on the general grounds, unless the trial court abuses its discretion. However, the first grant of a new trial on special grounds involving a question of law is reviewable in a proper appeal. *Smith v. Telecable of Columbus,* 238 Ga. 559, 560 (234 SE2d 24).

In this case the trial court's grant of a new trial was based solely on the erroneous legal conclusion that the jury was not authorized to reject appellee's demand for attorney fees and reasonable and necessary litigation expenses. Therefore, the judgment of the trial court must be reversed. Compare *City of Atlanta v. Whitten,* 144 Ga. App. 224, 225 (240 SE2d 771). The case is remanded with the direction that judgment be entered in accordance with the jury verdict denying attorney fees and reasonable and necessary expenses of litigation.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED JUNE 19, 1978 — REHEARING DENIED JULY 10, 1978 —

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellant.

*Kimzey, Kimzey & Carter, Herbert B. Kimzey, Tom Carter, M. Keith York,* for appellees.