## 56050. DEPARTMENT OF TRANSPORTATION v. GLENN et al.

Smith, Judge.

This appeal presents two questions: (1) In the additional damages/attorney fees stage of a condemnation trial, does the trial court have the procedural option of directing a verdict on the question of recoverability of additional damages? (2) If so, was the grant of a judgment notwithstanding mistrial appropriate in this case? Answering both questions in the affirmative, we find no merit in this appeal by the Department of Transportation, and we therefore affirm the judgment of the trial court.

To obtain land for highway construction, the DOT filed a condemnation proceeding against the land and the appellees. The appellees were offered the sum of $3,725 as compensation. They sought a jury trial, and the jury awarded $4,460. The award satisfied the appellees and they did not appeal. Meanwhile, roadway construction began and the appellees realized that the road grade had been raised to as much as three feet higher than the existing grade. This was contrary to the DOT's assertion at the first trial that the grade would be no more than 12 to 14 inches higher than the existing roadway. The appellees filed a complaint in equity seeking to have the original compensation judgment set aside so that a jury could rule on the compensation question in light of the true grade of the new road bed. The DOT opposed the action with motions to dismiss and for judgment on the pleadings; these motions were denied; the DOT moved the Supreme Court to grant interlocutory review of the denial; and the interlocutory petition, too, was denied. The DOT then offered to settle for $5,536. The appellees declined, and the trial court, after a hearing, set aside the first judgment and set the case down for a de novo jury trial. The jury returned a verdict for $10,828.

Following the new verdict, the trial court charged the jury that it must then decide whether litigation expenses should or should not be recovered. The appellees presented evidence showing that they had no legal expertise and that they therefore hired attorneys to

proceed with the case. The jury was apprised of the lengthy legal proceedings the appellees had gone to in order ultimately to obtain the $10,828 award. The DOT produced no evidence tending to show that litigation expenses and attorney fees were *not* necessary. The appellees moved for a directed verdict on the question of recoverability and the motion was denied. The jury retired and was unable to reach a verdict, so the court declared a mistrial. The appellees then moved for a judgment notwithstanding the mistrial, and the motion was granted, the trial court concluding that litigation expenses including attorney fees were recoverable. A hearing as to the amount of recovery was held; judgment was entered; and this appeal was filed by the DOT.

*I. Viability of the Directed Verdict.*

On the question of whether additional damages should be recovered, there will be instances where there is no factual issue such that a directed verdict[1] may properly be granted. The procedure set out in *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976), provides that the fact finder in a condemnation case is to determine whether additional damages (attorney fees and litigation expenses) should or should not be awarded. We reviewed this procedure in *Ga. Power Co. v. Whitmire,* 146 Ga. App. 29 (1978). There we held that the precise factual issue is "whether the condemnee *was required* to incur litigation expenses and attorney fees in order to be fully compensated for the taking; the test is one of necessity." Id. p. 33. We further held that the above question "is inherently a question for the jury under the tests set forth by the Supreme Court." Id.

But this is not to say, as the DOT contends, that a directed verdict would never be appropriate. The vast

---

[1] The motion here was for "judgment notwithstanding mistrial." Inasmuch as the test for granting such a motion is the same as for directed verdicts or judgments n.o.v. under CPA § 50 (Code Ann. § 81A-150) (See *Gordon v. Carter,* 126 Ga. App. 343 (1) (190 SE2d 570) (1972)) we will analyze this issue in a directed verdict context.

majority of all factual questions in litigation are reserved for the finder of fact. The jury's function in those instances is no less paramount than it is in the proceeding before us. In all of the various proceedings involving questions of fact, the trial court may remove the issue from the jury "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." CPA § 50(a) (Code Ann. § 81A-150(a)). We see no reason to raise the necessity of litigation expenses question to a plateau above all other factual issues. If there is no material evidentiary conflict, and the evidence demands a finding the litigation expenses either were or were not necessary, the trial court is entitled to say so by directing a verdict.

*II. Propriety of the Judgment Notwithstanding Mistrial.*

We find that the trial court correctly granted the appellees' motion for judgment notwithstanding mistrial, for uncontradicted evidence demanded a finding that litigation expenses and attorney fees were necessary in this case. In *Ga. Power Co. v. Whitmire,* supra, we held that an increase between the special master's award and the jury's award, plus a showing that the condemnee had hired an attorney and pursued litigation in order to receive the higher award, made out prima facie proof that attorney fees and litigation expenses were necessary in order for the condemnee to be fully compensated. Likewise, uncontradicted evidence here made out a prima facie case of necessity. The highest offer from the DOT was $5,536, and the jury awarded $10,828. The appellees showed that they lacked legal expertise and they therefore hired an attorney to pursue their cause. The DOT admitted that extensive litigation had been required for the appellees to receive their ultimate award. The unmistakable import of the above evidence is that the litigation expenses and attorney fees *had to be incurred* before the appellees would be fully compensated.

The DOT failed to counter with any evidence. Thus, there was no showing that litigation expenses and attorney fees *were not* necessary, and there was otherwise no conflict in the evidence showing that they *were* necessary. For these reasons, the trial court correctly

granted the appellees' motion for judgment notwithstanding the mistrial, and the . court properly went on to determine the amount of expenses and fees which could be recovered.

### III. Conclusion.

We conclude that the issue of additional damages was properly preserved and presented in this case. The enumerations of error presented in the appeal are without merit.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 6, 1978 — DECIDED JUNE 29, 1978 — REHEARING DENIED JULY 25, 1978 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Arthur K. Bolton, Attorney General, G. Robert Oliver, Deputy Assistant Attorney General,* for appellant.

*Kutak, Rock & Huie, Charles N. Pursley, Jr.,* for appellees.

ON MOTION FOR REHEARING.

The DOT contends the present decision squarely conflicts with *Dept. of Transportation v. Shelkeith, Inc.,* 146 Ga. App. 581 (1978) which antedated the present decision by ten days. We disagree. In *Shelkeith,* the trial court was reversed for overturning the jury's finding against recoverability of additional damages. There is no indication in *Shelkeith* that the evidence demanded a finding in favor of recoverability, as it did here. Our present decision should not be construed to mean that the trial court may displace a jury which has been empaneled as fact finder. It is only where the material facts are without dispute that a verdict may be directed.

*Motion for rehearing denied.*