## 36935. WHITE v. GEORGIA POWER COMPANY.

HILL, Presiding Justice.

This is the second full appearance of this condemnation case. *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976). In order to adequately dispose of this appeal, it is necessary to recount briefly the history of this litigation.

The Georgia Power Co. filed a condemnation action in June, 1969, under the Special Master Act, Code Ann. Ch. 36-6A, to acquire an easement over land belonging to Houston White, Sr., a renowned attorney who devoted much of his practice to representing condemnees. See *Bowers v. Fulton County,* 221 Ga. 731 (2) (146 SE2d 884) (1966). The special master awarded the condemnee $135,700 for the value of the property; the condemnor deposited that sum in court; the condemnee withdrew it; and both parties appealed to the superior court. By pretrial order, the trial court overruled the condemnee's claim for attorney fees and expenses of litigation. See *White v. Ga.*

*Power Co.,* supra.

Following a lengthy trial in 1973, the jury found the value of the property to be $50,000 and the superior court entered a deficiency judgment against the condemnee for $85,700, plus interest from the date of the jury verdict. On appeal by the condemnee, this court overruled 14 enumerations of error and affirmed the judgment entered on the jury verdict. However, a majority of this court held "that the words 'just and adequate compensation' contained in our Constitution are to be interpreted by the judiciary to include attorney fees incurred by a condemnee or condemnees in an eminent domain case and are also to be interpreted to include all reasonable and necessary expenses of litigation incurred by such condemnees in eminent domain cases." (237 Ga. at 343). Although affirming the judgment in all other respects, we directed as follows: "Upon remand of this case to the trial court, the trial judge shall, unless a jury is waived by both parties, convene a jury and submit to it the issue of whether the condemnee in this case is entitled to attorney fees and reasonable and necessary expenses of litigation in this case as a part of 'just and adequate compensation.' If the jury makes a negative determination on this issue, that ends the matter. On the other hand, if the jury makes an affirmative determination on this issue, the trial judge shall then conduct a hearing, receive evidence, and make an award to the condemnee of attorney fees and reasonable and necessary expenses of litigation as a part of 'just and adequate compensation' in this case." (237 Ga. at 344).

The superior court made the judgment of this court its own in 1976 and awarded costs of the appeal to the condemnor. The condemnee moved to set aside the award of costs.

Two years later, in *DeKalb County v. Trustees, &c. Elks,* 242 Ga. 707 (251 SE2d 243) (1978), a majority of this court overruled the holding in *White v. Ga. Power Co.,* supra, that "just and adequate compensation" includes attorney fees and expenses of litigation (242 Ga. at 709).

In 1979, the condemnor moved for entry of final judgment. The condemnee's son (as executor) was substituted as condemnee following the suggestion of death of Houston White, Sr. The son opposed the condemnor's motion for judgment, on the grounds that the mandate of this court as to jury trial of attorney fees and expenses had not been carried out and there was a pending motion to set aside the award of costs to the condemnor entered following the earlier appeal.

The trial court denied the condemnee's motion to set aside the award of costs and entered final judgment for the condemnor on the jury's 1973 verdict. The condemnee appeals.

1. We decline to overrule *DeKalb County v. Trustees, &c. Elks,* supra, and thereby reinstate the holding of *White v. Ga. Power Co.,* supra, as to attorney fees and expenses of litigation.

2. Condemnee urges that, pursuant to the law of the case rule (Code Ann. § 81A-160(h)), the trial court was bound to carry out the mandate of this court entered in this case to submit the question of attorney fees and expenses to a jury, notwithstanding *DeKalb County v. Trustees, &c. Elks,* supra. We agree, but find that the trial court did not err under the facts of this case.

Following *White* I (237 Ga. 341, supra), and before *DeKalb County v. Trustees,* supra, this court held that where the condemnor deposited $200 into the registry of the court, the condemnee appealed and the jury awarded the condemnee $200 as the value of the property being condemned, then an award of attorney fees and expenses of litigation was not authorized under *White* I. *Dept. of Transp. v. Flint River Cotton Mills,* 238 Ga. 717 (235 SE2d 31) (1977); see also *Morgan v. Dept. of Transp.,* 239 Ga. 560 (2) (238 SE2d 95) (1977).

We now find in light of decisions after *White* I that an award of attorney fees and expenses of litigation (for the jury trial as well as for the hearing before the special master) was not authorized under the facts of this case (special master's award of $135,700, reduced by the jury on appeal to $50,000).

We did not in *White* I find that the condemnee was entitled to attorney fees and expenses as a matter of law.[1] We held only that the constitution would authorize such recovery (which holding has since been overruled). We now find that although such recovery was then authorized by the constitution, a jury was not authorized by the facts of this case to award them. *Dept. of Transp. v. Flint River Cotton Mills,* supra. The trial court did not violate the law of the case and did not err in refusing to submit the question of attorney fees and expenses to a jury, and therefore did not err in entering judgment for the condemnor.

3. The trial court did not err in refusing to set aside the award of costs for the first appeal of the jury's verdict. There being no error in the award of costs, the trial court did not err in requiring the condemnee to pay the cost of the transcript of evidence upon the prior appeal.

Further, the award of interest on the jury verdict was, in effect, affirmed on the first appeal when the judgment on the jury's verdict

---

[1] As condemnee notes in his brief, this court "allowed" attorney fees and expenses if the jury found that condemnee was entitled to them.

was affirmed.

*Judgment affirmed. Marshall, Clarke and Gregory, JJ., and Judge Clarence Peeler concur. Smith, J., dissents to Division 1 but concurs in the judgment. Undercofler, J., dissents. Jordan, C. J., disqualified.*

DECIDED FEBRUARY 17, 1981 —
REHEARING DENIED MARCH 4, 1981.

*Strother, Weiner & Dwyer, Beryl H. Weiner,* for appellant.
*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Frederick E. Link,* for appellee.