SARAH A. BALL, administratrix, *et al.*, plaintiffs in error, *vs.* DAVID A. VASON, trustee, *et al.*, defendants in error.

1. When a bill is filed by a debtor as trustee for his children, to enjoin judgment creditors, some of whom have levied, and others are about to levy, upon his property, and a fund is brought into court for equitable distribution, counsel for the trustee, who filed the bill, are not entitled to fees to be paid out of the general fund raised. The interest to represent which such counsel were employed, is antagonistic to the general creditors whose judgments have been enjoined, and it would be inequitable to force such creditors to pay the counsel who fought and overthrew them.

2. Such fees are not included under the term "costs and expenses," which term was used by this court in directions on a former trial here, that "costs and expenses" should be paid out of a certain fund. In such a case as this equality is equity, and every party should pay his own counsel.

3. Expenses do include the necessary funds for carrying on the planting interest entrusted to the receiver, the employment of an overseer, the hire of laborers, the commissions of the receiver, and the expenses incident to the receiver's office and duties, and this court will not control the court below in fixing the amount of such expenses, unless his discretion has been greatly abused.

4. The receiver is a good witness to prove his account, and unless his vouchers are called for by the other side they need not be produced.

5. Where a lien for provisions, etc., to make a crop has been foreclosed and levied upon the crop made, and by reason of an injunction and appointment of a receiver, that crop has been exhausted and used by the receiver in making subsequent crops, equity will enforce such crop lien upon the subsequent rents, issues and profits of the plantation. Having seized the crop on which such creditor had levied and on which his legal grasp was laid, and taken it into the custody of the court's receiver, the court of equity will see to it that such creditor shall not suffer by its process and obedience to its behests.

6. Matters passed upon by an auditor or master will not be reopened unless regularly excepted to in pursuance of the statute, but all parties will be concluded by the finding of such auditor or master unless there be subsequent discovery of some fraud or other equitable ground of relief.

Equity. Fees. Costs. Receiver. Witness. Debtor and creditor. Auditor. Judgments. Before Judge HANSELL. Dougherty Superior Court. April Term, 1875.

Reported in the opinion.

STROZER & SMITH; D. H. POPE; HINES & HOBBS; L. P. D. WARREN, for plaintiffs in error.

R. F. LYON, for defendants.

JACKSON, Judge.

A bill was filed by David A. Vason, as trustee for his children, to enjoin certain creditors from proceeding to make their money on judgments obtained by them against him, and to bring the property of Vason into court for distribution according to legal priorities. The case was brought to this court at a previous term, and sent back with instructions. The court below passed upon these instructions or directions of this court, and directed the funds raised from the sale of Vason's property to be paid according to his construction of those directions and the law arising thereon. Portions of the judgment of the circuit court were adverse to the interests of the plaintiffs in error in the above stated case, and these portions were excepted to by them, and are here for review in this cause.

Under the second head of its instructions this court directed that the costs and expenses be paid out of such fund as should remain after paying a trust debt of $13,000 00, which trust debt was itself to be paid out of property in the hands of Vason at the time of its creation in the year 1855, and not otherwise. The property then in his hands did not realize enough to pay it, but paid some $8,000 00 thereon. After paying it, and also a debt to Davis arising from a lien of his on certain lands, and which this court directed to be sold separately for his benefit, there remained $5,390 38 subject to be paid as this court directed, and first to costs and expenses.

Messrs. Lyon and Wright claimed that fees were due them for bringing these funds into court, and that these fees were to be paid out of this last named fund as part of expenses or costs. They proved that their services were worth ten per cent. upon the entire fund brought in—the trust, the Davis, and this balance fund—and the court allowed them $1,700 00, to be paid out of this last fund of $5,390 38 as part of costs and expenses. Exception is taken by Mr. Ball and other judgment creditors, to this ruling, and this is the first error assigned.

1, 2. The result or effect of this construction of the directions of this court is to make the comparatively small sum of $5,390 38, left to pay several judgment creditors, bear the whole burden of bringing these funds into court. To state the proposition is to show its unreasonableness. It was said, however, by the counsel who argued for defendants in error here, that he did not claim that this fund should bear this charge alone, but only its *pro rata* share of it. But the court below makes this fund bear it all, and it strikes us as wholly insupportable on any view of law or justice or common sense. Doubtless the court below was misled by what he considered the directions of this court, for he is too clear-headed a judge ever to have made such an original ruling. But suppose we consider it in the modified and more moderate form in which counsel before us insists upon it, that the entire fund is to pay this fee, and this smaller fund only its *pro rata* share; how will it be then? Certain judgment creditors are pursuing the property of their debtor; they have levied and are about to levy upon it; the debtor, as trustee of his children, files a bill to arrest them in their efforts to make their money, and to set up a trust antagonistic to their interest. Money is finally brought into court; the trustee gets the larger share of it, but not content with that, claims that the judgment creditors shall pay his solicitors for getting it; that is, for taking the money away from them and securing it to the trust. Such a principle strikes us as wholly untenable; not quite so untenable, but

Ball *et al. vs.* Vason *et al.*

almost as unreasonable as the ruling of the court below that the trust fund should pay no fee at all, but the general fund for creditors should pay it all.    We are aware that there are cases where a vigilant, active creditor brings a fund into court and others come in to claim their part of the fund thus saved to all by the vigilance and alertness of one, that *all* shall help pay all the expenses, including counsel fees of the vigilant, working creditor; and this rule is right.    It is good sense and good law.    But it is about as much like the case at bar as night is like day, or fire like water.    Here, no property is acquired and brought in by the vigilance of anybody ; but all the acknowledged and undisputed property is sold by agreement, put in a receiver's hands by agreement, and reduced to money without opposition ; and equity here is equality.    Let every man pay his own counsel.    Messrs. Lyon and Wright were employed by the trustee ; they have fought and won for the trustee ; let the trust fund pay them.    The words, costs and expenses, were never meant by this court to apply to fees.    A fair construction will not make them mean fees, and the chief justice who sat on this case before, says that the court never dreamed of giving such a direction with such a meaning. We think, therefore, that the court erred in ordering these fees paid out of any fund except the trust, and in requiring anybody to contribute to it who did not employ these counsel, and in whose interests and for whose benefit they did not employ their unquestioned ability, zeal and energy.!

3. The court next ruled that Vason's services as receiver, and the amount he paid an overeeer, should be paid as expenses and out of this fund of $5,390 38, unless previously deducted.    Such services are unquestionably, we think, part of the expenses necessarily incurred, and meant to be included in the second direction before referred to.    It is therefore *res adjudicata*, decided by this court when the case was here before, and the court below following our directions could do nothing else than allow these services as expenses.    We will not control his discretion in fixing their amount.

4. Some objections were also made to the receiver's report,

but they rested upon his not producing the vouchers, and the court, in a note, says the vouchers were not demanded; so we do not interfere with that.

5. The next exception is to the payment of a lien of Tift for provisions, etc., so furnished to make the crop of 1871.   The facts are that Tift foreclosed his lien on the crop of 1871, but was enjoined by this trustee's bill, and the crop which would have paid him went into and made that of the next year.   The court directed it paid out of the rents, issues and profits of the ensuing years, and we think that the court carried out the spirit of the directions given on the former hearing of this bill, as well the equity of the case, in ordering this Tift claim to be so paid.

6. There was some objection that other funds that Vason paid Tift should have been applied to this claim, and an effort was made to prove it, but rejected by the court on the ground that it all transpired before the trial before the auditor, and was concluded by his report.   We see no error in this ruling. We affirm the judgment of the court below on all the points made in this bill of exceptions, except as to the fees of counsel, and reverse him on that point, it being the judgment of this court that this is no case which requires all the creditors to pay the counsel who filed the bill under which the money was impounded, but that each party should pay his own counsel fees.   And such, too, we think, is a fair construction of the directions given by this court, that counsel fees here are not included in the words costs and expenses.

Judgment reversed.