32670. BRIGGS *v.* THE STATE.

Decided December 5, 1949. Rehearing denied December 19, 1949.

666

*Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel,* contra.

GARDNER, J. ■ The court did not err in overruling the general demurrer to the accusation. The defendant's conviction is based on his alleged violation of a regulation of the State Game and Fish Commission, making it a misdemeanor to use a power-drawn net in inland salt waters. This rule is not invalid for any of the reasons assigned, and was within the statutory power conferred upon the commission.

The Game and Fish Commission is given the power to fix open and closed seasons, on a statewide, regional, or local basis, as to game and fish, and to regulate the manner and method of taking "fish, shellfish and crustaceans, by rules and regulations: Provided, that the commission shall post, at the courthouse door of the county or counties that will be affected, a complete copy of such rules or regulations certified by the chairman of the commission, and also file an additional certified copy thereof in the office of the ordinary of the county or counties affected, at least 30 days before the effective date of such rule or regulation." Ga. L. 1943, pp. 128, 132; Ga. L. 1945, pp. 404, 408. "The commission shall have power to adopt all rules, regulations and methods of administration for the efficient operation of the commission as therein created and established." Ga. L. 1943, pp. 128, 133; Ga. L. 1945, pp. 404, 409. "Any person who shall violate any of the rules and regulations promulgated by the commission under the authority herein granted shall be guilty of a misdemeanor." Ga. L. 1943, pp. 128, 134; Ga. L. 1945, p. 404.

The foregoing statute is not invalid for any of the reasons assigned by the defendant in his demurrer, in his amendment to his motion for a new trial, and in his argument before this court. It has long been the policy of the legislature to confer upon administrative bodies, such as the Public Service Commission (formerly the Railroad Commission), and similar State agencies, charged with administering parts of the State government, the power to make rules and regulations and to deal in a somewhat legislative way with matters which are quasi-legislative but predominantly administrative, in their nature. See *Zuber v. Southern Ry. Co.*, 9 *Ga. App.* 539 (71 S. E. 937), in which it is held: "Under the constitution, the General Assembly is made the legislative body of the State, and it can not

delegate its powers, but it may confer upon administrative bodies the power to make regulations and to deal in a somewhat legislative way with matters which are quasi-legislative, but which are predominately administrative in their nature." The conservation of game and fish is an important State function. The administering of our laws in this connection requires consideration of much data and detail. The commission would be unable to perform its functions with facility and, further, to attain its beneficent purpose would be awkward and the enforcement of conservation would be difficult, without the commission having the power to make rules and regulations relative to its administration and enforcement of the conservation and preservation of our wild life, the denizens of field and forest, the creatures that inhabit our streams, lakes, and waterways. Without the power to make rules and regulations for the protection of game and fish, the commission would be of little value to the State. As it is, our commission is doing a great work. Game and fish are increasing. The commission and its officers and agents are acquainted with game and fish conservation and preservation. They know best how to deal with matters of administering and enforcing the purpose of the creation of the commission. The General Assembly has wisely seen fit to empower the commission to make reasonable rules and regulations to aid in the administration and enforcement of this law, and to provide for punishment of those violating the same.

In *Bohannon* v. *Duncan*, 185 *Ga.* 840, 842 (196 S. E. 897), it is said: "The legislative department of the State, wherein the constitution has lodged all legislative authority, will not be permitted to relieve itself by the delegation thereof. It can not confer on any person or body the power to determine what the law shall be. But this constitutional inhibition does not prevent the grant of legislative authority to some administrative board . . to adopt rules, by-laws, or ordinances for its government, or to carry out a particular purpose. Thus, while it is necessary that a law, when it comes from the lawmaking power shall be complete, still there are many matters as to methods or details which the legislature may refer to some designated ministerial officer or board. Cooley's Const. Lim. 114. The constitutional prohibition, therefore, does not deny to the lawmaking

body 'the necessary resources of flexibility and practicality, which will enable it to perform its function in laying down policies and establishing standards, while leaving to selected instrumentalities the making of subordinate rules within the prescribed limits and the determination of facts to which the policy as declared by the legislature is to apply.' Schechter *v.* U. S., 295 U. S. 495 (55 Sup. Ct. 837, 79 L. ed. 1570, 97 A. L. R. 947, 957); Panama Rfg. Co. *v.* Ryan, 293 U. S. 388 (79 L. ed. 223); . . *Maner* v. *Dykes,* 55 *Ga. App.* 436, 438 (190 S. E. 189)."

The rule and regulation promulgated by the commission under the authority given to it, and here involved, was not invalid because it contained in the caption or title matter different from that expressed in the body of the rule, in violation of the State Constitution of 1945, Code § 2-1908, as follows: "No law shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." The caption or title of the regulation is sufficiently broad to cover the contents of the regulation in question. There is no material variance as between the two. See the full discussion of this question in *Cady* v. *Jardine,* 185 *Ga.* 9 (193 S. E. 869), and the citations therein. This constitutional provision was inspired by the Yazoo Fraud and embodied in our Constitution to prevent the "smuggling" of undesirable legislation, and to provide that in the future the people would have notice of the contents of proposed legislation.

Neither the statute nor the regulation pursuant thereto is invalid because not uniform in operation. The commission is given the power to select the counties wherein it is necessary to prevent the use of power-drawn nets. This is a matter of administrative policy and is within the discretion and judgment of the commission. Such regulation may be needed in one locality and not needed in another. This is for the commission to determine, and the General Assembly so empowered it under constitutional authority. Code (Ann. Supp.) § 2-3301 (now embodied in the new Constitution recently printed) reads: "There is hereby created a State Game and Fish Commission. Said Commission shall consist of one member from each Congressional District in this State, and one additional member from one of the following named counties, to wit: Chatham,

Bryan, Liberty, McIntosh, Glynn, or Camden. The first members of the Commission shall consist of those in office at the time this Constitution is adopted, with terms provided by law. Thereafter, all succeeding appointments shall be made by the Governor and confirmed by the Senate for a term of seven years from the expiration of the previous term. All members of the Commission shall hold office until their successors are appointed and qualified. Vacancies in office shall be filled by appointment of the Governor and submitted to the Senate for confirmation at the next session of the General Assembly after the making of the appointment.

"The Commission shall have such powers, authority, duties, and shall receive such compensation and expenses as may be delegated or provided for by the General Assembly."

The fact that the regulation covers only certain waters or certain localities does not render it invalid. See *Holcombe* v. *Ga. Milk Producers Confed.*, 188 *Ga.* 358 (3 S. E. 2d, 705).

Neither the act authorizing the adoption of the regulation nor the regulation itself gives to the Game and Fish Commission unlimited authority to make penal laws. It simply empowers the commission to make rules and regulations as to the administration and enforcement of the game and fish laws, looking to the conservation and preservation of game and fish, and the regulation in question does that. The use of a power-drawn net for the purpose of catching shrimp and fish may be prohibited, if the commission determines that such use tends to destroy or injure the fish and shrimp or their habitat during bedding season or otherwise. These are matters for the commission, and it may promulgate rules and regulations to aid in doing this. The regulation in question is not invalid because it prevents the dragging of a net by power through these waters, without regard to whether the person so doing is fishing or shrimping.

■ There was evidence to support the verdict of guilty. The jury were authorized to find that the defendant used a power-drawn net for the purpose of catching fish and shrimp in inland salt waters, within Chatham County, by drawing through such water a fish net, with his motor-powered and driven boat, "Stardust", in what is known as Warsaw Sound, in violation of the

regulation promulgated by the Game and Fish Commission of the State, making it a misdemeanor to use a power-drawn net for fishing in "inland salt waters." There was testimony of two commission employees that they saw the defendant drawing the net through these waters with his motor boat, and the defendant did not deny this. The regulation is a valid exercise by the commission of the power conferred upon it by the General Assembly.

■ It follows that this regulation is valid, and that the delegation to the commission of the power to adopt the same was legal in every respect. It must be kept in mind that we are here dealing with the provisions of a statute passed by the General Assembly by virtue of authority granted it by our Constitution, and not with an act of that body without constitutional authority.

Applying the foregoing principles, the court did not err in overruling the defendant's demurrer to the accusation, and did not err in overruling his motion for a new trial on any of the grounds alleged.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*