19758.  MULKEY *v.* QUILLIAN *et al.*

SUBMITTED JULY 8, 1957—DECIDED SEPTEMBER 6, 1957—
REHEARING DENIED OCTOBER 11, 1957.

*Howard T. Overby*, for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General*, contra.

*Harold S. Willingham, William H. Schroder, Smith, Kilpatrick, Cody, Rogers & McClatchey*, for party at interest.

WYATT, Presiding Justice. 1. The parties to the instant case agree that the legality of the contract here involved is dependent solely and entirely upon the constitutionality of the Act of the General Assembly (Ga. L. 1957, p. 660) authorizing such contracts. The constitutionality of the act, supra, is, in turn dependent upon whether or not the legislature was authorized under the Constitution of the State of Georgia to empower the Highway Department to enter into a contract such as is here involved. The plaintiff in error contended in the lower court and insists in this court that the act, supra, violates numerous provisions of our Constitution. The defendants in error contend that Art. VII, Sec. VI, Par. I (Code, Ann., § 2-5901) specifically authorizes the legislature to provide for contracts of the type here involved.

Art. VII, Sec. VI, Par. I of the Constitution of Georgia, Code (Ann.) § 2-5901 provides in part as follows: "The State, state institutions, any city, town, municipality or county of this State may contract for any period not exceeding fifty years, with each other or with any public agency, public corporation, or authority now or hereafter created for the use by such subdivisions or the residents thereof of any facilities or services of the State, state institutions, any city, town, municipality, county, public agency, public corporation or authority, provided such contracts shall deal with such activities and transactions as such subdivisions are by law authorized to undertake."

It was determined in *State of Georgia* v. *Blasingame*, 212 *Ga.* 222 (91 S. E. 2d 341) that this provision of the Constitution did not empower the legislature to authorize the State and its institutions and subdivisions to enter into any and every contract which they might in their discretion deem advisable. This provision simply means that the State and its agencies and subdivisions may contract with each other with reference to facilities and services theretofore authorized by the Constitution. This

provision does not supersede all other provisions of the Constitution with reference to the limitations on and powers of the State, its agencies, and subdivisions and authorize them to undertake to maintain and provide additional facilities and services which are prohibited under other provisions of the Constitution, except to undertake to contract with reference to facilities and services authorized by other provisions of the Constitution.

The question then is whether or not the loaning of money by the Highway Department to the political subdivisions of this State for the purpose of removing and relocating utility facilities located on rights-of-way of State-aid roads is a facility or service of the State or its agencies under the provisions of the Constitution of the State of Georgia granting or limiting the powers and undertakings of the State and its agencies. If it is, then Art. VII, Sec. VI, Par. I (Code, Ann., § 2-5901) of the Constitution would certainly authorize the legislature to empower the Highway Department to enter into the contract here involved. If not, then that act, supra, is unconstitutional.

Art. VII, Sec. II, Par. I (Code, Ann., § 2-5501) of the Constitution of Georgia provides in part as follows: "The powers of taxation over the whole State shall be exercised by the General Assembly for the following purposes only:". This provision then lists all of the purposes for which the power of taxation may be exercised, and the only purposes. It is obvious that if the power of taxation can be exercised only for the purposes there listed, money raised by taxation must be used only for the purposes there listed or the section is meaningless, and public funds could be used for any purpose once collected. Under none of the purposes listed in the Constitutional provision above cited can it conceivably be contended that the using of public funds for the purpose of engaging in the money lending business is a purpose permitted under this section.

Nor can it be successfully contended that the use of public funds to loan to a municipality for the purpose of removing and relocating utility facilities located on rights-of-way of State-aid roads is authorized under subparagraph 6 of Code (Ann.) § 2-5501 which reads as follows: "6. To construct and maintain State buildings and a system of State highways, airports, and docks." This is true for two reasons. The first is that the State Highway

Department is not using the fund for the purpose of removing and relocating these facilities from the rights-of-way of State-aid roads, but is using it for the purpose of loaning it to a municipality at interest, and without security other than a pledge of a portion of the receipts of the gas system, which is entirely dependent upon the fortunes of the system.

The second reason why it can not be successfully contended that the proposed use is permitted under subparagraph six, supra, is that the removal and relocation of utility facilities is not a necessary or usual adjunct to the construction of highways. State-aid highways can be and are constructed and maintained without any utility facilities being located on their right-of-way. Utility facilities are placed thereon purely for the convenience of the political subdivisions or authorities controlling the utility and serve no useful or desirable purpose in the construction and maintenance of the highway itself, and serve no convenience of the highway or the Highway Department. The Highway Department, in permitting the utility facilities to be placed on the right-of-way of the State-aid road in the instant case, specifically provided that it would be removed when necessary without cost to the Highway Department.

It must therefore be held that the loaning of money to the political subdivisions of this State or authorities controlled by them is not a permitted purpose for which public funds may be used, and that, therefore, it is not a facility or service of the State within the meaning of that term in the Constitution of the State of Georgia (Code, Ann., § 2-5901), but is in fact prohibited by the Constitution (Code, Ann., § 2-5501). The General Assembly was, therefore, without authority to enact the law here attacked (Ga. L. 1957, p. 660 et seq.), and it is consequently unconstitutional and void, and the contract entered into under its provisions is likewise illegal and void. It was accordingly error to refuse to enjoin the defendants as prayed in the petition.

2. Under the rulings above made, it is not necessary to pass on the other constitutional attacks made in the petition in the instant case.

*Judgment reversed. All the Justices concur.*