## 31186. HOWELL v. THE STATE.

NICHOLS, Chief Justice.

Van Howell was convicted in the Superior Court of Echols County for possessing a firearm in violation of regulations promulgated by the Department of Natural Resources as their No. 391-4-2-.05. The defendant attacked the constitutionality of the Act of the General Assembly which provided that "Any person or corporation who shall violate any of the rules or regulations promulgated by the commission shall be guilty of a misdemeanor and upon conviction shall be punished as provided by law." Ga. L. 1955, pp. 483, 491 (Code Ann. § 45-116).

In *Glustrom v. State,* 206 Ga. 734 (58 SE2d 534) (1950), a regulation of the Commissioner of Revenue was under attack and this court delineated those regulations which could be made the basis of a criminal prosecution, to wit: a violation of the rules and regulations made in accord, or in harmony, with those things declared to be a crime by the terms and provisions of the Act. The Act there dealt with, making the violation of a rule of the Revenue Commissioner a misdemeanor, limited the power to promulgate rules, the violation of which, would be a misdemeanor, to those in harmony with what the Assembly had already declared to be a crime. The Act attacked in the present case contains no such provision but merely provides that the violation of *any* of the rules or regulations promulgated by the Commission shall constitute a misdemeanor. The decision of this court in *Johnston v. State,* 227 Ga. 387, 392 (181 SE2d 42) (1971), recognized the authority of the General Assembly to adopt as part of a statute, a regulation presently in force and to make the violation thereof a crime, while the decision in *Sundberg v. State,* 234 Ga. 482 (216 SE2d 332) (1975), declared unconstitutional a statute which delegated the authority to determine what drugs fell within the category of depressant or stimulant drugs.

" 'A statute will be held unconstitutional as an improper delegation of legislative power if it is incomplete as legislation and authorizes an executive board to decide what shall and what shall not be an infringement of the

law, because any statute which leaves the authority to a ministerial officer to define the thing to which the statute is to be applied is invalid.' 16 AmJur2d 506, Constitutional Law, § 257." *Sundberg v. State,* supra, p. 483.

That part of the Act of 1955, supra, found in Code Ann. § 45-116, which delegated to the commission the authority to make rules or regulations, the violation of which should constitute a misdemeanor, is an unconstitutional delegation of legislative authority in violation of Art. III, Sec. I, Par I (Code Ann. § 2-1301). The judgment of the trial court overruling the defendant's attack upon the count of the indictment charging him with possession of firearms on a management area must be reversed.

The decision of the Court of Appeals in *Briggs v. State,* 80 Ga. App. 664 (56 SE2d 802) (1949) upholding a similar provision of an Act of 1943, must be overruled.

*Judgment reversed. All the Justices concur, except Jordan, Ingram and Hill, JJ., who dissent.*

SUBMITTED MAY 21, 1976 — DECIDED NOVEMBER 23, 1976 — REHEARING DENIED DECEMBER 14, 1976.

*A. W. Touchton,* for appellant.

*H. Lamar Cole, District Attorney, Robert Blevins Royce, Assistant District Attorney, Arthur K. Bolton, Attorney General, J. David Dyson, Assistant Attorney General,* for appellee.

HILL, Justice, dissenting.

This case presents again the years-old controversy: Can the General Assembly delegate law-making authority, in this case crime-making authority, to experts in the executive branch of government? The General Assembly sought to do so in 1955 (Ga. L. 1955, pp. 483, 491; Code Ann. § 45-116), and the majority now say this cannot be done.

While I do not subscribe to uncontrolled bureaucratic law-making authority, neither do I subscribe to the concept that the General Assembly is the only body

capable of setting hunting and fishing seasons for various species of animals depending upon their population, fixing bag and creel limits, regulating hunting and fishing methods and utensils, etc. In my view the General Assembly should not be saddled with determining the squirrel limit and season in each county, district or zone in this state annually. In my view the General Assembly should be able to delegate such responsibility to the Board of Commissioners of the Department of Natural Resources which has available the recommendations of the department's game management specialists and field personnel.

A glance at the necessarily detailed delineation of seasons and territories of the sundrae classifications of wildlife as set out in the department's hunting regulations, fishing regulations, trout regulations and management area guide, 1976-77, will illustrate this problem. Why must the General Assembly adopt every year necessarily changing dates, limits, boundaries, and classifications? Our sportsmen and ecologists deserve better.

Neither the wildlife in this state nor the legislative logjam will be efficiently managed under such a system. The department will not be able to meet the desires of the people to both preserve and enjoy wildlife in Georgia. In the interim, until the General Assembly acts, it seems that none of the otherwise valid regulations promulgated by the Department of Natural Resources can be enforced in court.

Therefore (although a legislative veto provision would provide another safeguard) in order to avoid overburdening the General Assembly with game and fish management details, I would approve the legislative limits prescribed in Code Ann. §§ 45-114, 45-115, and thereby uphold the validity of Code Ann. § 45-116. I therefore dissent.

I am authorized to state that Justice Jordan and Justice Ingram join in this dissent.