## 31810. DEPARTMENT OF TRANSPORTATION v. DOSS et al.

UNDERCOFLER, Presiding Justice.
This is a condemnation case. The appeal is from a judgment awarding attorney fees and costs of litigation to the condemnees. The judgment was predicated upon this court's decision in *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976). We affirm. As stated in *White,* " . . . the words 'just and adequate compensation' contained in our Constitution are to be interpreted by the judiciary to include attorney fees incurred by a condemnee or condemnees in an eminent domain case and are also to be interpreted to include all reasonable and necessary expenses of litigation incurred by such condemnees in eminent domain cases." Implicitly the attorney fees must be reasonable also.

This conclusion is not altered by the constitutional amendment ratified on November 7, 1972, which is set forth in Art. I, Sec. III, Par. I (2) of the Georgia Constitution of 1976 (Code Ann. § 2-301 (2)). The amendment authorizes the General Assembly to require the state and other entities, " . . . to provide relocation assistance and payments to persons displaced by public

projects . . ." and ". . . to establish and implement acquisition policies and practices and provide for the payment of reimbursement of necessary expenses of persons whose properties are acquired in connection with the acquisition of real property for public projects . . ." The amendment specifically authorizes the General Assembly to provide for payments required by the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (P. L. 91-646, 91st Congress, approved January 2, 1971). That federal Act as well as Ga. L. 1973, pp. 747, 1029, and Ga. L. 1973, pp. 512, 513 (Code Ann. §§ 95A-623, 99-3701 et seq.) provide for various payments in federal aid projects including relocation expenses, replacement housing expenses, prepayment mortgage penalties and other items as well as litigation expenses when a condemnation proceeding is abandoned, or a final judgment holds the property can not be acquired by condemnation, or it is an inverse condemnation proceeding. See Ga. L. 1973, pp. 947, 993, 1000 (Code Ann. §§ 95A-401 (f), 95A-503 (c)) directing counties and cities to comply with Public Law 91-646 and Code Ann. § 95A-623 apparently without limitation to federal aid projects.

Appellant argues that at the time of the ratification of the said 1972 constitutional amendment attorney fees and litigation costs were not a part of just and adequate compensation in condemnation cases and were only authorized where provided by statute. *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347) (1971). Appellant concludes that the people have specifically addressed the matter of attorney fees and litigation costs in the 1972 amendment by authorizing the General Assembly to provide therefor. Appellant argues that consequently the people in expressing their consent for the payment of attorney fees and litigation costs have "foreclosed such payments as part of just and adequate compensation."

Appellant overlooks the fact that a constitutional amendment was not necessary to authorize the General Assembly to provide by statute for attorney fees and costs of litigation in eminent domain proceedings. It already had that authority. *Bowers v. Fulton County,* supra. The purpose of the amendment essentially was to authorize the General Assembly to permit governmental entities

acquiring private property for public projects to expend public funds to comply with Public Law 91-646 so as to obtain full advantage of federal monies available for such projects; however, it is not limited to federal aid projects. As stated in the amendment, "The providing of all of such relocation assistances and payments and, in connection with the acquisition of real property for public projects or programs, the establishing of all of such policies and practices and the paying or reimbursing of all of such necessary expenses, are declared to be necessary, among other reasons, in order to avoid the loss of large sums of money which will otherwise be made available to the foregoing public entities as financial assistance by the United States of America and shall constitute governmental functions undertaken for public purposes, and the powers of taxation may be exercised and public funds expended in furtherance thereof." In our opinion the amendment authorized the General Assembly to permit the various governmental entities to make certain statutory grants, including attorney fees and costs of litigation, in an administrative capacity. See *DeKalb County v. United Family Life Ins. Co.,* 235 Ga. 417, 421 (219 SE2d 707) (1975). The amendment simply does not address the question of what elements of damage comprise "just and adequate compensation" in eminent domain proceedings. It appears the General Assembly recognized this in Ga. L. 1973, pp. 512, 519 (Code Ann. § 99-3710) where it is stated, "Nothing contained in this Chapter shall be construed as creating in any condemnation proceeding brought under the power of eminent domain, any element of value or of damage." Accordingly we hold that the constitutional amendment ratified on November 7, 1972, now appearing as Art. I, Sec. III, Par. I (2) of the Georgia Constitution of 1976 (Code Ann. § 2-301 (2)) does not preclude a judicial construction that reasonable attorney fees and reasonable costs of litigation are elements of damages under the constitutional mandate requiring just and adequate compensation to be paid when private property is taken in eminent domain proceedings.

We reject appellant's contentions that the payment of attorney fees and costs of litigation in condemnation

cases brought by the Department of Transportation violates the constitutional provisions prescribing the purposes for which taxation may be exercised (Code Ann. § 2-4701) and prohibiting gratuities (Code Ann. § 2-1413). When the Constitution mandates these payments it necessarily follows that they are payable from public revenues and are not gratuities. Likewise there is no violation of separation of powers. *Mulkey v. Quillian,* 213 Ga. 507 (100 SE2d 268) (1957) is inapposite. That case involved the constitutionality of a statute which authorized the Highway Department to lend money to political subdivisions or authorities for relocating utility facilities from the rights of way of State-aid roads. Here we are concerned with just and adequate compensation to a private property owner whose property has been taken by the state under its right of eminent domain. Reasonable attorney fees and reasonable costs of litigation in such proceeding are part of the compensation.

We reject also appellant's contention that the criteria for determining attorney fees and litigation costs set out in *White v. Ga. Power Co.,* supra, is so vague that it violates due process of law, deprives the Department of Transportation of the protection of its property in an impartial manner, and denies it the right to defend its causes in the courts of this state. A hearing and judicial determination is provided. Whether attorney fees and litigation costs should be granted and the amount thereof is a question of evidence. As stated in *White* the court devised an interim procedure and the General Assembly may provide another appropriate manner to determine these damages.

There is no constitutional right to trial by jury in eminent domain cases. *Oliver v. Union Point &c. R.,* 83 Ga. 257, 261 (9 SE 1086) (1889); Mills on Eminent Domain (2d Ed., 1888), p. 239, § 91; 2 Lewis, Law of Eminent Domain (3d Ed., 1909), p. 922, § 509; 1 Nichols on Eminent Domain (3d Ed., 1976), § 4.105 et seq. We do not find any authority which supports appellant's contention that the state has a common law right to a jury trial in eminent domain cases. We find the General Assembly has not provided for jury trial on the issue of the amount of

484

attorney fees and litigation costs.

Appellant contends further that Code Ann. § 95A-616 requiring it to pay interest on the attorney fees and litigation costs from the date of taking is contrary to Art. III, Sec. VIII, Par. XII of the Georgia Constitution of 1976 prohibiting gratuities (Code Ann. § 2-1413). Appellant did not raise the unconstitutionality of the statute in the trial court and can not raise it for the first time on appeal.

There was no error in awarding attorney fees in the amount of $300 for the services of Oliver H. Doss, Jr. The record shows he is an attorney and performed legal services for the condemnees in the litigation.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Hall, JJ., who dissent.*

ARGUED JANUARY 12, 1977 — DECIDED FEBRUARY 8, 1977 — REHEARING DENIED MARCH 1 AND MARCH 8, 1977.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, Edward B. Liles,* for appellant.

*Hutto, Palmatary, Boshears & Magda, Jack S. Hutto, Edward E. Boshears,* for appellees.

*Troutman, Sanders, Lockerman & Ashmore, Allen E. Lockerman, J. Kirk Quillian,* amicus curiae.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court. The issue is whether the words "just and adequate compensation" include attorney fees and necessary expenses incurred by condemnees in eminent domain cases. Code Ann. § 2-301. The majority opinion finds that they do and I concur.

Moreover, in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347) (1971), this court decided the question against condemnees. The vote in that case was 4 to 3. Less than a year ago, in *White v. Georgia Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976), this court decided the question in favor of condemnees. The vote was 4 to 3. We could in this case by 4 to 3 vote overrule *White* and reinstate

*Bowers.*[1] Our system cannot withstand such indecision. The public we serve would never understand it; indeed, would not and should not tolerate it. I concur in the judgment also for stare decisis.

JORDAN, Justice, dissenting.

It has been the law of Georgia since the first eminent domain proceeding that the attorney fees were not a part of the "just and adequate compensation" to a condemnee except in the limited type cases authorized by the constitutional amendment ratified on November 7, 1972 (Code Ann. § 2-301 (2)). This was made very clear by the holding of the Court of Appeals of Georgia in *Bowers v. Fulton County,* 122 Ga. App. 45 (176 SE2d 219) (1970), and affirmed by this court in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347) (1971).

It would still be the law of Georgia except for the fortuitous circumstance of my disqualification in *White v. Georgia Power,* 237 Ga. 341 (227 SE2d 385) (1976). Had I participated in that case, I would have definitely adhered to my position taken in *Bowers v. Fulton County,* 122 Ga. App. 45, supra, thereby sustaining the law of Georgia as it had existed for untold years.

In my opinion any change in this long standing legal conclusion of both appellate courts of this state addresses itself to the Legislature and the people of Georgia through the legislative and constitutional processes.

I respectfully dissent. I am authorized to state that Justice Gunter and Justice Hall join in this dissent.

HALL, Justice, dissenting.

The question before this court in the present case, in *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976) and in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347)(1971) is whether the framers of our State Constitution intended the words "just and adequate compensation" to include attorney fees incurred by a condemnee in an eminent domain case. In deciding this

---

[1] Then in the next case we could overrule this case, reinstate *White* and again overrule *Bowers.*

issue, the jurist ". . . is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or of goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmatic sentiment, to vague and unregulated benevolence." Cardozo, The Nature of the Judicial Process 141 (1922). Alexander Hamilton, a strong advocate of judicial review, conceded that if the judiciary ". . . should be disposed to exercise *will* instead of *judgment,* the consequences would . . . be the substitution of their pleasure to that of the legislative body." The Federalist, No. 78 (Hamilton).

What is a "principled decision" in constitutional law? It ". . . is one that rests on reasons with respect to all the issues in the case, reasons that in their generality and their neutrality transcend any immediate result that is involved. When no sufficient reasons of this kind can be assigned for overturning value choices of the other branches of the government or of a state, those choices must, of course, survive. Otherwise, as Holmes said in his first opinion for the court, 'a constitution, instead of embodying only relatively fundamental rules of right, as generally understood by all English-speaking communities, would become the partisan of a particular set of ethical or economical opinions. . .' " Wechsler, Toward Neutral Principles of Constitutional Law, 73 Harv. L. Rev. 1, 19 (1959). The judicial branch of government should ground its decisions in reason, and not merely in power.

In considering the question of possible constitutional attorney fees, it is common knowledge that during our two centuries of experience as a state they were never granted as part of the constitutional mandate for "just and adequate compensation" in condemnation cases. It has always been the law of Georgia as well as the common law that attorney fees for litigation may be awarded *only* by statute. *Ball v. Vason,* 56 Ga. 264 (1876). This is also true in other jurisdictions throughout the country. The leading treatise on the subject states the rule and then adds: "Unless provision is made therefor by statute, a claimant is not entitled to reimbursement either for loss of time consumed in prosecuting his claim or for counsel fees." 4A Nichols on Eminent Domain § 14.249[4] (Rev. 3d Ed.

1976).

Prior to the adoption of the Georgia Constitution of 1945, it was also settled federal constitutional law that " 'attorneys' fees and expenses are not embraced within just compensation for land taken by eminent domain.' Dohany v. Rogers, 281 U. S. 362, 368 (1929). The proceedings before the Georgia Constitutional Commission of 1943-1944 show the following discussion concerning the language "just and adequate compensation": Mr. Carmichael, one of the members, stated that the language "follows the language of our Federal Constitution with reference to right of eminent domain and the payment of just compensation." Chairman Arnall, in discussing this language, also stated, "As the chair understands it, in effect, that is the Federal provision. . ." Records of the Constitutional Commission of 1943-1944, at pp. 214 and 215 (1946). It is therefore apparent that the Constitutional Commission understood and intended the words "just and adequate compensation" to have the same meaning as the words "just compensation" in the Fifth Amendment to the United States Constitution under which attorney fees were not part of "just compensation."

What empirical or historical evidence does the majority opinion, here and in *White,* marshal against our law of two centuries? How do they come to the conclusion that their new precept is a fundamental rule of right as understood by all English-speaking communities? I respectfully submit that those judicial officers who concur in the majority opinion rely upon nothing but their own personal predilections. If we act as "the highest legislative body in the . . ." state (Hutchins, Center for Study of Democratic Institutions, The Case for Constitutional Change, 3 Center Report 1 (Dec. 1970)), or as "the revolutionary committee in the Supreme Court. . ." of Georgia, (A. Berle, Power 342 (1969)), it will be true that, as Justice Cardozo is said to have put it, "We are no longer a Court."

The question whether attorney fees can be awarded in a condemnation case and the procedures to be followed is a value judgment to be made by the legislature. If I were sitting in the legislative branch of government, I would

probably vote to provide some form of attorney fees. However, I am not there; I am in the judicial branch of government. The majority say that the court must take an activist position on this because the legislature will not act. My response is that this is what representative government and the separation of powers is all about. A leading authority on constitutional law has said that "All too many federal judges have been induced to view themselves as holding roving commissions as problem solvers, and as charged with a duty to act when majoritarian institutions do not." Bickel, The Supreme Court and the Idea of Progress 134 (1970). The Georgia legislature is a legitimate majoritarian body. Baker v. Carr, 369 U. S. 186 (1962); Reynolds v. Sims, 377 U. S. 533 (1964).

My comments are made not against but in support of the independence of the judicial power. " 'The independence of each power,' said James Wilson [one of the founding fathers], 'consists in this,' it 'should be free from the remotest influence of each of the other two powers. But further than this, the independency of each power ought not to extend.' " Statement by Professor Raoul Berger, Before the Senate Sub-committee on Improvements in Judicial Machinery, Washington, D. C., February 26, 1976. The judicial branch will prevent the executive branch from exercising legislative power. *Howell v. State,* 238 Ga. 95 (230 SE2d 853)(1976). It will prevent the legislative branch from exercising executive power. *Greer v. State of Ga.,* 233 Ga. 667 (212 SE2d 836)(1975); *Fuller v. State of Ga.,* 232 Ga. 581, 586 (208 SE2d 85)(1974). It is also equally important that it prevent itself from exercising either legislative or executive power. As Mr. Justice Brandeis said, "The doctrine of the separation of the powers was adopted . . . , not to promote efficiency but to preclude the exercise of arbitrary power. The purpose was, not to avoid friction, but, by means of the inevitable friction incident to the distribution of governmental powers among three departments, to save the people from autocracy." Myers v. United States, 272 U. S. 52 (1926).