## 55833. DEPARTMENT OF NATURAL RESOURCES v. PADGETT.

WEBB, Judge.

In October, 1976, conservation rangers of the Department of Natural Resources, Game and Fish Division, seized from James Padgett shrimp contended to be possessed by him in violation of wildlife regulations found in Chapter 391-4-3, Rules & Regulations of the State of Georgia. The alleged breach of these regulations had two ramifications—he was charged in the State Court

of Chatham County with misdemeanor offenses under authority of Ga. L. 1955, pp. 483, 491, § 16 (then Code Ann. § 45-116), which provided that "Any person or corporation who shall violate any of the rules and regulations promulgated by the commission shall be guilty of a misdemeanor and upon conviction shall be punished as provided by law"; and the seized shrimp were sold by the officers pursuant to Ga. L. 1975, p. 1288 (then Code Ann. § 45-537), which authorized seizure and sale of wildlife possessed, etc. "in violation of the wildlife laws and regulations of this State." Within 30 days Padgett instituted the instant civil claim for the proceeds of the sale under the procedure set forth in Ga. L. 1975, p. 1288, supra.

While these two proceedings were thus pending the Supreme Court decided *Howell v. State,* 238 Ga. 95 (230 SE2d 853) (1976), which held unconstitutional Ga. L. 1955, pp. 483, 491, supra, making it a misdemeanor offense to violate the commission's regulations. As a result the misdemeanor charges against Padgett were dismissed, and the motion herein for summary judgment was filed by him in this claim case contending that "Accusations [in the misdemeanor cases], relying on Chapter 391-4-3, Rules and Regulations of the State of Georgia, were declared unconstitutional." The trial court, citing *Howell,* sustained the motion, and the department appeals.

We reverse. The following issue was posed by Padgett in his brief in support of the motion: "Was Chapter 391-4-3 of the Rules and Regulations of the State of Georgia, 1976, ruled unconstitutional?"[1] The answer is no. *Howell* did not declare unconstitutional all regulations of the Department of Natural Resources—the defendant there "attacked the constitutionality of the Act of the General Assembly which provided that 'Any person

---

[1] Padgett seemed also to be asserting a theory of collateral estoppel, but the trial court apparently ignored it, and properly so. *Keating v. Dept. of Natural Resources,* 140 Ga. App. 796, 798 (2) (232 SE2d 84) (1976), affd. 238 Ga. 605 (234 SE2d 519) (1977).

or corporation who shall violate any of the rules or regulations promulgated by the commission shall be guilty of a misdemeanor and upon conviction shall be punished as provided by law.' Ga. L. 1955, pp. 483, 491 (Code Ann. § 45-116)." *Howell,* supra,`p. 95. The court held: "That part of the Act of 1955, supra, found in Code Ann. § 45-116, which delegated to the commission the authority to make rules or regulations, the violation of which should constitute a misdemeanor, is an unconstitutional delegation of legislative authority in violation of Art. III, Sec. I, Par. I (Code Ann. § 2-1301)." *Howell,* supra, p. 96.

It is thus clear that only that part of the Act of 1955 formerly found in Code Ann. § 45-116 and relating to misdemeanors was declared unconstitutional, and left unaffected were the seizure and sale statute, Ga. L. 1975, p. 1288, supra, the legislative grant of general regulatory authority, Ga. L. 1955, pp. 483, 489, § 14, and the regulations issued pursuant to it in question here. While, after *Howell,* violations of the regulations could no longer be punished criminally under former Code Ann. § 45-116, the regulations themselves were left unaffected and may properly be the subject of administrative and civil enforcement measures such as found under the seizure statute, Ga. L. 1975, p. 1288, supra. *Creaser v. Durant,* 197 Ga. 531 (29 SE2d 776) (1944) and cits.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MAY 4, 1978 — DECIDED MAY 31, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Robert S. Bomar, Senior Assistant Attorney General, J. David Dyson, Assistant Attorney General,* for appellant.

*Barker & Edenfield, John J. Booth,* for appellee.