## 35029. COMMERCIAL BANK v. DEPARTMENT OF BANKING & FINANCE.

UNDERCOFLER, Presiding Justice.

As stated by appellant, "This case arose when Appellant, The Commercial Bank of Douglasville, Georgia, attempted to declare a dividend to its stockholders. Pursuant to Ga. Laws 1974, pp. 705, 853 and 854 (Ga. Code Ann. 41A-2101 (a) (3)), Appellant requested prior approval of the dividend from the Department of Banking and Finance; the Department denied the dividend as being in violation of its Rule 80-1-12 enacted pursuant to the grant of authority in Ga. Code Ann. 41A-2101 (c) (3) (T-199). Appellant then filed an action pursuant to Ga. Laws 1975, pp. 445, 453 (Ga. Code Ann. 41A-401) seeking, along with other requested relief, to have Ga. Laws 1974, pp. 705, 853 and 854 (Ga. Code Ann. 41A-2101 (a) (3)) declared unconstitutional as an unlawful delegation of legislative authority. The trial court held the statute constitutional and this Appeal results." The bank requested approval for the payment of $144,000 in dividends. The department approved $72,000, which was paid December 21, 1978.

Appellant argues that the Code section and rule cited above are unconstitutional because they authorize the

department to establish a crime. See *Sunberg v. State,* 234 Ga. 482 (216 SE2d 332) (1975) and *Howell v. State,* 238 Ga. 95 (230 SE2d 853) (1976). We find these cases inapposite and affirm.

Code Ann. § 41A-2101 (a) (3) provides: "Dividends may not be paid without the prior approval of the department in excess of specified amounts as may be fixed by regulations of the department to assure that banks and trust companies maintain an adequate capital structure. . ."

Rule 80-1-12.01 provides: "Dividends. (1) The Board of Directors of any state-chartered bank in this State may declare and the bank may pay cash dividends on its outstanding capital stock without any requirement to notify the Department or request the approval of the Department under the following conditions:

"(a) The ratio of total capital funds to total assets of the bank shall not be less than 7.5%. Capital funds shall mean the aggregate of capital stock, paid-in capital and appropriated retained earnings (surplus and capital reserves), and retained earnings (undivided profits), capital notes and debentures; and

"(b) The aggregate amount of dividends to be paid or anticipated to be paid in the calendar year does not exceed 50% of the net profits of the bank after taxes for the previous calendar year; and

"(c) Classified loans of the bank at the most recent examination of the bank by the Department or the Federal Deposit Insurance Corporation did not exceed 10% of total loans at that examination.

"(2) Any dividend declared by the Board of Directors of a bank at a time when each of the foregoing conditions did not exist must be approved, in writing, by the Department prior to the payment thereof pursuant to the provisions of Section 41A-2101 (a) (3) of the Code of Georgia. Requests for approval of dividends shall be on forms prescribed by the Department."

Code Ann. § 41A-9906 provides, "Any officer, director, agent or employee of any financial institution who shall perform the following acts or deeds shall be guilty of a misdemeanor: . . . (d) Concurs in any vote or act of the directors of such financial institution by which it is

intended to declare a dividend or reduce or make a distribution of capital except as authorized by sections 41A-2101, 41A-2102, or otherwise under this Code or other applicable law."

In our opinion, Code Ann. § 41A-9906 (d) declaring certain acts to be misdemeanors does not include Code Ann. § 41A-2101 (a) (3) which authorizes the department to regulate dividends to insure that banks and trust companies maintain an adequate capital structure. As stated in *Glustrom v. State,* 206 Ga. 734, 739 (58 SE2d 534) (1950), "In declaring that a violation of the rules and regulations of the State Revenue Commissioner should be punished as for a misdemeanor, the General Assembly used language which limited the criminal violation to those 'in accord with the provisions of this Act.' As used by the General Assembly in this instance, 'accord' means in harmony with what the Assembly has declared. In other provisions of the act, the General Assembly having declared certain acts to be a crime, the rules and regulations must follow the declaration made. Consequently, the General Assembly has, in effect, said that a violation of the rules and regulations of the State Revenue Commissioner in accord, or in harmony, with those things declared to be a crime by the terms and provisions of the act, shall be a crime. The General Assembly did not provide that the violation of regulations policing the industry and requiring certain acts to be performed in a specified manner would be a misdemeanor. In every instance reasonable rules and regulations promulgated for administrative purposes or for policing the industry may be enforced as to licensees either by a suspension or cancellation of the license. The declaration, that a violation of 'rules and regulations in accord with this Act' shall be a misdemeanor, limited the power to promulgate rules, the violation of which would be a misdemeanor, to those in harmony with what the Assembly had already declared to be a crime.

"This court will never presume that the General Assembly intended to enact an unconstitutional law. Where the language of an act is susceptible of a construction that is constitutional, and another that would be unconstitutional, that meaning or construction

will be applied which will sustain the act."
*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1979 — DECIDED
SEPTEMBER 7. 1979.

*Joel E. Dodson, Robert J. James,* for appellant.
*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, H. Perry Michael, Senior Assistant Attorney General, James C. Pratt, Assistant Attorney General,* for appellee.