S95A0237. REED et al. v. STATE OF GEORGIA et al.
(458 SE2d 113)

BENHAM, Presiding Justice.

This appeal is from an order validating a bond issue.[1] The bonds were issued by the Conyers-Rockdale Big Haynes Impoundment Authority ("the Authority") to fund a surface water impoundment project. Reed and another citizen ("Reed") intervened in the bond validation proceeding, asserting that the bond issue was illegal. The trial court validated the bonds and we affirm because the bond issue and the associated intergovernmental contract were valid under the provi-

[1] See OCGA § 36-82-75 et seq.

sions of the local act,[2] the Georgia Revenue Bond Law,[3] and the limitation of debt provisions of the Constitution of Georgia.[4]

1. Reed contends that the intergovernmental contract between the Authority and Rockdale County, in which Rockdale County promises to make payments to the Authority sufficient to pay the bonds, violates the local act creating the Authority and permitting it to issue bonds. The major premise of his argument is that the act provides that Rockdale County shall not pledge its faith and credit for payment of the bonds. From that premise, he concludes that the contract may not lawfully create a debt of the county and that the revenue from the contract cannot be used to pay the bonds. That argument was addressed and decided adversely to Reed's position in our recent decision in *Clayton County Airport Auth. v. State of Ga.*, 265 Ga. 24 (1), (2) (453 SE2d 8) (1995). Here, as there, the county has not pledged its faith and credit to pay the bonds, but has entered into an intergovernmental contract, which it is authorized to do by the Constitution of Georgia.[5] So long as the intergovernmental contract is for a purpose authorized by the Constitution, it is a valid means of providing revenue to the Authority to be used to pay the bonds. *Clayton County*, supra. Reed concedes that the construction and operation of water projects are within the legitimate scope of intergovernmental contracts, but insists that the Authority could not enter into any contract which pledges the taxing power of the County. That argument, which fails to distinguish between the bonds and the contract, is no more than a restatement of the argument discussed above and is also controlled adversely to Reed by *Clayton County*.

2. Reed also contends that the validation of the bonds was error because there is no evidence to support the trial court's finding that the project is feasible. The validity of that argument depends on the validity of Reed's remaining argument, that the money to be paid by the county under the intergovernmental contract cannot be counted as revenue of the project from which the bonds can be paid. That second argument was rejected in *Clayton County*, supra at 25, where this court held that the payments from the county under the intergovernmental contract represent a lawful source of revenue for the project. Because the contractual payments are a lawful source of income, and the trial court had the contract before it, there was evidence to support the trial court's finding of feasibility. Reed has demonstrated no error in the finding of feasibility and has shown no violation of the Georgia Revenue Bond Law.

---

[2] Ga. L. 1987, p. 5053 et seq.
[3] OCGA § 36-82-60 et seq.
[4] Const. of Ga. 1983, Art. IX, Sec. V, Par. I.
[5] Art. IX, Sec. III, Par. I.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 1995.

*W. Kent Campbell*, for appellants.

*Cheryl F. Custer, District Attorney, King & Spalding, Robert L. Steed, Roger E. Murray, Maddox, Starnes & Nix, John A. Nix*, for appellees.

*Alston & Bird, L. Clifford Adams, Jr., Della W. Wells, Sutherland, Asbill & Brennan, John H. Mobley II, Charles T. Lester, Jr.*, amici curiae.