S04A2130. GREENE COUNTY SCHOOL DISTRICT et al.
v. GREENE COUNTY.
(607 SE2d 881)

FLETCHER, Chief Justice.

The Greene County School District, by and through the Board of Education, appeals from an order of the Greene County Superior Court granting summary judgment to Greene County, by and through the Board of Commissioners, in a contractual dispute between the two parties. At issue is whether the contract between the parties qualified as an intergovernmental contract,[1] authorized by the Georgia Constitution, so that the term of the contract could exceed the term of office of the Commissioners who entered the contract. Because the contract does not constitute a valid intergovernmental contract under the Georgia Constitution, the current County Commissioners are not bound by the contract. Accordingly, we affirm the order of the trial court.

In 1997, Greene County sought to renovate its courthouse through funds collected by way of a special purpose local option sales tax

---

[1] Ga. Const., Art. IX, Sec. III, Par. I (a).

(SPLOST). Because SPLOST funds cannot be spent to benefit a private party, the County began making efforts to induce the Masonic Lodge of Greensboro to vacate the third floor of the courthouse, which it had owned and occupied since before the Civil War. The County sought to give the Masonic Lodge another property of equal value in exchange for the third floor of the courthouse, and the property the County selected was owned by the School District. The Chairman of the County Commission approached the Chairman of the Board of Education, and offered to waive the County's 2.5% commission on all taxes collected by the Tax Commissioner for the Board of Education if the Board would convey the coveted property to the County.

Shortly thereafter, the County Commissioners made a formal written proposal to the Board of Education, offering to waive all but 1% of the commission in exchange for the property. The Board of Education accepted the offer, and the finalized agreement was presented to the Board of Education at its meeting on November 3, 1997. The agreement contained no time limit. The Board of Commissioners formally voted to accept the agreement at its November 6 meeting, and the building was conveyed to the County on November 20. The County and Masonic Lodge then exchanged the properties on December 12.

The parties abided by the agreement from 1998 to 2003, but in April 2003, the current Board of Commissioners voted to reinstate the 2.5% collection fee, effective Fall 2003. The Board of Education brought suit, claiming that in the absence of an explicit time limit in the contract, the contract was enforceable for 50 years as an intergovernmental contract.

Generally, a municipal government may not enter into a contract that lasts longer than that government's term of office because "one council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in the matters of municipal government."[2] The intergovernmental contract clause provides an exception to that rule, and allows political subdivisions of the State to contract with one another or with other public agencies, so long as the term of the contract does not exceed 50 years.[3]

But the intergovernmental contract clause does not empower "the State and its institutions and subdivisions to enter into any and every contract which they might in their discretion deem advisable."[4] In *Nations v. Downtown Development Auth.*, this Court addressed the

---

[2] OCGA § 36-30-3 (a); *Ledbetter Bros., Inc. v. Floyd County*, 237 Ga. 22 (226 SE2d 730) (1976) (local government is prevented from enacting ordinances or executing contracts that are effective beyond the term of the commissioners then in office).

[3] Ga. Const., Art. IX, Sec. III, Par. I (a).

[4] *Mulkey v. Quillian*, 213 Ga. 507, 508 (100 SE2d 268) (1957).

two requirements necessary for a valid intergovernmental contract.[5] First, the contract must pertain to "the provision of services, or . . . the joint or separate use of facilities or equipment."[6] Second, the contract "must deal with 'activities, services, or facilities which the contracting parties are authorized by law to undertake or provide.'"[7] The contract in this case fails to meet either of these requirements.

First, although the Board of Education argues that the contract pertains to the provision of tax-collection services, the contract in fact merely facilitates a simple real estate transaction. Under the Constitution and Georgia statutes, the Tax Commissioner is authorized to withhold a certain percentage of the taxes collected for the School Board as a commission for collecting the taxes.[8] If the Tax Commissioner works on a salary basis, the retained funds are to be paid to the county's governing authority.[9] The Board of Commissioners simply offered to waive a portion of the commission in exchange for the School District's property. The contract has absolutely no effect on the County's tax collection service, but only affects the commission to be turned over to the Board of Commissioners. Thus, the contract does not involve the provision of services as contemplated by the intergovernmental contracts clause.[10]

Second, even if we accepted the Board of Education's argument that the contract did affect the County's tax-collection service, that is not a service that the Board of Commissioners is authorized to undertake. Georgia law vests the authority and responsibility to collect taxes exclusively with the office of the Tax Commissioner, not the Board of Commissioners.[11] The Board of Education's attempt to transform this real estate deal into an intergovernmental service contract is unavailing.

---

[5] *Nations v. Downtown Development Auth.*, 255 Ga. 324, 328 (338 SE2d 240) (1986) (holding that the City of Atlanta's promise to utilize its taxing power to pay any shortfall due to bondholders was not a contract for services as contemplated by the intergovernmental contract clause, nor was issuing that promise an activity that the City was authorized to undertake).

[6] *Nations*, 255 Ga. at 327.

[7] Id.

[8] Ga. Const., Art. VIII, Sec. VI, Par. III; OCGA § 48-5-404 (a).

[9] Id.

[10] Compare *Clayton County Airport Auth. v. State of Ga.*, 265 Ga. 24, 25 (453 SE2d 8) (1995) (because the Constitution provided the County with the authority to provide for public transportation and a statute allowed the expenditure of tax revenues on an airport facility, a contract pertaining to the construction and use of an airport facility was a valid intergovernmental contract); *Reed v. State of Ga.*, 265 Ga. 458, 459 (458 SE2d 113) (1995) (construction and operation of a water project are within the scope of an intergovernmental contract); *Ambac Indem. Corp. v. Akridge*, 262 Ga. 773, 775-776 (425 SE2d 637) (1993) (contract for garbage disposal was a valid intergovernmental contract, because the Constitution grants counties the authority to provide garbage and solid waste collection and disposal).

[11] OCGA §§ 48-5-127; 48-5-404 (a).

Accordingly, the contract is not a valid intergovernmental contract, and the School Board's attempt to assign a 50-year term of duration to the contract must fail. Under OCGA § 36-30-3 (a), therefore, the current County Commissioners are not bound by the contract.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Harben & Hartley, Phillip L. Hartley, Martha M. Pearson*, for appellants.

*Mills & Moss, David C. Moss*, for appellee.